| | |
|---|---|
| 1 | JANET M. HEROLD |
| | Regional Solicitor |
| 2 | BRUCE L. BROWN |
| | Associate Regional Solicitor |
| 3 | ABIGAIL G. DAQUIZ |
| | Sr. Trial Attorney (WSBA #35521) |
| 4 | Office of the Solicitor |
| | United States Department of Labor |
| 5 | 300 Fifth Avenue, Suite 1120 |
| | Seattle, WA 98104 |
| 6 | Telephone: (206) 757-6753 |
| | Facsimile: (206) 757-6761 |
| 7 | daquiz.abigail@dol.gov |
| | Attorneys for the Plaintiff |
| 8 | Secretary of Labor |

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **HOA SALON ROOSEVELT, INC.**, a Washington corporation, **HOA SALON BALLARD, INC.**, a Washington corporation, **HOA SALON MADISON, INC.**, a Washington corporation, **THUY MICHELLE NGUYEN PRAVITZ**, an individual and managing agent of the Corporate Defendants, **ERIC PRAVITZ**, an individual and managing agent of the Corporate Defendants, **HUYEN NGUYEN**, an individual and managing agent of the Corporate Defendants, **THUY HONG**, an individual and managing agent of the Corporate Defendants, and **LAM HUYNH**, an individual and managing agent of the Corporate Defendants, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT** <br><br> (29 U.S.C. § 201 *et seq.*) |

**COMPLAINT - 1**

**INTRODUCTION**

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Secretary") alleges as follows:

1. The Secretary brings this action to enjoin Defendants Hoa Salon Roosevelt, Inc. (d/b/a Hoa Salon Roosevelt), Hoa Salon Ballard, Inc. (d/b/a Hoa Salon Ballard), Thuy Nguyen Pravitz, Eric Pravitz, Huyen Nguyen, Thuy Hong, and Lam Huynh (collectively referred to as "Defendants"), from violating the provisions of Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211, 215, and to recover wages owed under the FLSA to present and former employees of the Defendants, as listed by name on the attached Exhibit 1 to this Complaint, and to other present or former employees as yet unknown to the Secretary, together with an equal amount as liquidated damages pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), for the period of time from June 22, 2017 to the present.

2. This Court has subject matter jurisdiction of this action under Section 17 of the FLSA, 29 U.S.C. § 217; this Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1345 (United States as Plaintiff).

3. Venue lies in the United States District Court, Western District of Washington, pursuant to 28 U.S.C. § 1391(b).

//
//
//
//

**COMPLAINT - 2**

## DEFENDANTS ARE EMPLOYERS UNDER THE FLSA

4.(a)  Defendant Hoa Salon Roosevelt, Inc. (dba Hoa Salon Roosevelt) is a Washington corporation, with its operations located at 6409 Roosevelt Way NE, Seattle, WA 98118. Hoa Salon Roosevelt has been, on information and belief, an enterprise with two other establishments: Hoa Salon Ballard, and Hoa Salon Madison. At all material times, Defendant Hoa Salon Roosevelt is and has been engaged in business as a full-service nail salon offering services such as manicures, pedicures, nail enhancements, and waxing services.

(b)  Defendant Hoa Salon Ballard, Inc. (dba Hoa Salon Ballard) is a Washington corporation, with its operations located at 5350 Ballard Avenue NW, Seattle, WA 98107. Hoa Salon Ballard is and has been, on information and belief, an enterprise with two other establishments: Hoa Salon Roosevelt and Hoa Salon Madison. At all material times, Defendant Hoa Salon Ballard had been engaged in business as a full-service nail salon offering services such as manicures, pedicures, nail enhancements, and waxing services.

(c)  Defendant Hoa Salon Madison, Inc,. (dba Hoa Salon Madison) is a Washington corporation, with its operations located at 2900 E. Madison St. Suite 100, Seattle, WA 98112. Hoa Salon Madison is and has been, on information and belief, an enterprise with two other establishments: Hoa Salon Roosevelt and Hoa Salon Ballard. At all material times, Defendant Hoa Salon Ballard has been engaged in business as a full-service nail salon offering services such as manicures, pedicures, nail enhancements, and waxing services.

(d)  On information and belief, Defendant Thuy Michelle Nguyen Pravitz resides within the jurisdiction of this Court.

**COMPLAINT - 3**

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

(e) On information and belief, Defendant Eric Pravitz resides within the jurisdiction of this Court.

(f) On information and belief, Defendant Huyen Nguyen resides within the jurisdiction of this Court.

(g) On information and belief, Defendant Thuy Hong resides within the jurisdiction of this Court.

(h) On information and belief, Defendant Lam Huynh resides within the jurisdiction of this Court.

6. Defendant Thuy Michelle Nguyen Pravitz, owner of Hoa Salon Roosevelt and owner of Hoa Salon Ballard, at all material times, acted directly or indirectly in the interest of Hoa Salon Roosevelt and Hoa Salon Ballard in relation to its employees as a managing agent, and is an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant Nguyen Pravitz makes enterprise-wide decisions, directs and oversees, and has the authority to direct and oversee, the operations, pay practices and payroll, terms of employment, and the supervisors and managers at Hoa Salon Roosevelt and Hoa Salon Ballard.

7. Defendant Eric Pravitz, owner of Hoa Salon Roosevelt and owner of Hoa Salon Ballard, at all material times, acted directly or indirectly in the interest of Hoa Salon Roosevelt and Hoa Salon Ballard in relation to its employees as a managing agent, and is an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant Pravitz makes enterprise-wide decisions, directs and oversees, and has the authority to direct and oversee, the operations, pay practices and payroll, terms of employment, and the supervisors and managers at Hoa Salon Roosevelt and Hoa Salon Ballard.

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

8. Defendant Huyen Nguyen, owner of Hoa Salon Madison, was the Chairman, President, and Treasurer of Hoa Salon Madison, Inc., at all material times, acted directly or indirectly in the interest of Hoa Salon Madison in relation to its employees as a managing agent, and is an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d) of the enterprise comprising of the three salons, Hoa Salon Roosevelt, Hoa Salon Ballard, and Hoa Salon Madison.

9. Defendant Thuy Hong, owner of Hoa Salon Madison, was the agent for Hoa Salon Madison, Inc., and the company's Secretary and Vice President. At all material times, Defendant Thuy Hong acted directly or indirectly in the interest of Hoa Salon Madison in relation to its employees as a managing agent, and is an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d) of the enterprise comprising of the three salons, Hoa Salon Roosevelt, Hoa Salon Ballard, and Hoa Salon Madison.

10. Defendant Lam Huynh, owner of Hoa Salon Madison, managed the establishment by ordering and purchasing for the store, handled all cash and credit card transactions, made employee hiring and firing decisions, and supervised employees including training and setting employee schedules. At all material times, Defendant Thuy Hong acted directly or indirectly in the interest of Hoa Salon Madison in relation to its employees as a managing agent, and is an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d) of the enterprise comprising of the three salons, Hoa Salon Roosevelt, Hoa Salon Ballard, and Hoa Salon Madison.

11. On information and belief, all Defendants, individually and jointly, serving as agents for one another, controlled the material aspects of the employment relationship with all employees at the Hoa Salon locations, including, hiring, firing, setting pay rates, setting work schedules, assigning work, assigning employees to work

**COMPLAINT - 5**

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

1    locations, and preparing and maintaining pay records.

12. All Defendants are employers under Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## DEFENDANTS' EMPLOYEES ARE ENTITLED TO THE WAGES AND PROTECTIONS OF THE FLSA

13. Defendants' activities constitute and at all relevant times have constituted related activities performed through unified operation or common control for a common business purpose and are and at all relevant times have been an "enterprise" as defined in FLSA § 3(r), 29 U.S.C. § 203(r). At all relevant times, the three establishments offered nail-care and waxing services at identical prices, they advertised as a single enterprise, utilized a common website, www.hoasalon.com, and shared the same logo and signage, and they each issued interchangeable gift cards and promotional punch cards that were used at the other salons.

14. Hoa Salon Roosevelt, Hoa Salon Ballard, and Hoa Salon Madison employees ("Hoa Salon employees") were or are engaged in commerce and/or in handling or working on goods that had been moved in commerce, as they regularly handle goods that had or have been shipped from places outside of the state of Washington. Defendants' enterprise has, and at all relevant times has had, an annual gross volume of sales made or business done of no less than $500,000.00, and said enterprise constitutes, and at all relevant times has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined by FLSA § 3(s), 29 U.S.C. § 203(s). As such, the Hoa Salon employees are covered by the FLSA, including its wage, recordkeeping, and anti-discrimination provisions.

**COMPLAINT - 6**

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

## DEFENDANTS VIOLATED THE FLSA

15. Defendants have violated and are violating provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, at wage rates less than the applicable federal minimum wage.

16. Defendants have violated and are violating provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section § 3(s) of the FLSA, 29 U.S.C. § 203(s), for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

17. Defendants have violated and are violating the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §211(c) and §215(a)(5), by failing to maintain, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Secretary pursuant to the authority granted in the FLSA and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516.

18. Defendants have repeatedly and willfully violated and are violating the above-described provisions of the FLSA. For example, upon information and belief:

    (a) Defendants required their employees to report to work 30 minutes

**COMPLAINT - 7**

before the salons opened, and required them to work an average of 15 minutes after the store closed but did not compensate them for work performed outside of the store hours of operation. Defendants also scheduled workers to work in excess of forty hours and deducted time for lunch breaks during which employees worked. This resulted in Defendants' employees being required to work numerous off the clock hours, and also resulted in minimum wage and overtime violations.

      (b)    Defendants paid some employees in non-recorded cash payments.

      (c)    Defendants failed to keep accurate and complete timekeeping and payroll records.

15. As a result of the violations of the monetary provisions of the FLSA, there are unpaid minimum wage and overtime compensation due under the FLSA that are being withheld by the Defendants.

19. A judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by Section 17 of FLSA, 29 U.S.C. § 217.

20. A judgment enjoining and restraining the continued withholding of unpaid minimum wage and overtime compensation due under the FLSA is specifically authorized by Section 17 of the FLSA, 29 U.S.C. § 217.

21. Judgment awarding unpaid minimum wage and overtime compensation due under the FLSA, plus an additional amount, as liquidated damages, that is equal to the amount of minimum wage and overtime compensation that accrued under the FLSA, is specifically authorized by Section § 16(c) of the FLSA, 29 U.S.C. § 216(c).

//

//

//

**COMPLAINT - 8**

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

**WHEREFORE,** cause having been shown, the Secretary prays for a judgment against Defendants, and each of them, as follows:

A. For an order, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, successors-in-interest, co-employers, and those persons in active concert or participation with them, from prospectively violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

B. For an order,

(i) Pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding the Defendants liable for any unpaid minimum wages and overtime compensation that may be found by the Court to be due under the FLSA plus an additional amount as and for liquidated damages, equal to any minimum wage and overtime compensation found to have accrued under the FLSA, to present and former employees of Defendants including the persons listed by name on the attached Exhibit 1 and to other present or former employees as yet unknown to the Secretary; or

(ii) In any instances where liquidated damages are not awarded herein, restraining, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, the Defendants, their officers, agents, servants, employees, successors-in-interest, co-employers, and those persons in active concert or participation with them, from continuing to withhold the payment of any unpaid minimum wage and overtime compensation that may be found by this Court to have accrued under the FLSA to present and former employees of Defendants including the persons listed by name on the attached Exhibit 1, plus pre-judgment interest thereon; and,

**COMPLAINT - 9**

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

1       C.    Awarding the Secretary the costs of this action and providing such further legal and equitable relief as may be deemed appropriate.

      D.    Providing such further legal and equitable relief as may be deemed appropriate failing to properly pay minimum wages and overtime wages due, and for failing to maintain complete, accurate or full records as required by 29 U.S.C. §§ 211(c) and 215(a)(5) of the FLSA.

Respectfully submitted this 22nd day of June, 2017.

NICHOLAS C. GEALE  
Acting Solicitor of Labor  
JANET M. HEROLD  
Regional Solicitor  
BRUCE L. BROWN  
Associate Regional Solicitor  

    /s/ *Abigail G. Daquiz*  
ABIGAIL G. DAQUIZ,  
Senior Trial Attorney  

Attorneys for Secretary of Labor  
U.S. Department of Labor

**COMPLAINT - 10**

**Exhibit 1**

**Names**
Bui, Hang T.
Do, Triey Thi Thuy
Lam, Kim P.
Le, Diep Hoang Thuy
Le, Hoang-Anh T.
Le, Thanh Tu T.
Ngo, Phan
Ngoc, Nhi Truong Thi
Nguyen, Bich Kieu T.
Nguyen, Diem-Ngoc Hoang
Nguyen, Diem Thi
Nguyen, Ha T.
Nguyen, Hong Loan T.
Nguyen, Huong
Nguyen, Ngoc-Anh T.
Nguyen, Ngoc Bich T.
Nguyen, Phuong T.
Nguyen, Thi T.
Nguyen, Thu
Nguyen, Thu Thi Le
Nguyen, Xuan Hong-Thi
Ong, Chau
Pham, Loan H.
Pham, My Phuong
Pham, Ngoc Ha Thi
Phan, Viet Thi
Quach, Diane X.
Tong, Hoa My
Tran, Be Chin T.
Tran, Loan K.
Tran, Ly My
Tran, Mai-Huong Thi
Tran, Phuong Kim
Vo, Diem-Thu T.

**COMPLAINT - 11**