UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>HOA SALON ROOSEVELT, INC., et al.,<br><br>　　　　　　　Defendants. | CASE NO. C17-0961JLR<br><br>ORDER DENYING MOTION TO MODIFY THE SCHEDULING ORDER |

## I.　INTRODUCTION

Before the court is Defendants Hoa Salon Roosevelt, Inc., Hoa Salon Ballard, Inc., Hoa Salon Madison, Inc., Thuy Michelle Nguyen Pravitz, Eric Pravitz, Huyen Nguyen, Thuy Hong, and Lam Huynh's (collectively, "Defendants") motion to modify the scheduling order and extend the trial date by approximately 90 days. (Mot. (Dkt. # 23).) Plaintiff R. Alexander Acosta, Secretary of Labor, did not file an opposition to the motion. (*See generally* Dkt.) The court has reviewed the motion, relevant portions of the

record, and the applicable law.  Being fully advised, the court concludes that Defendants have failed to demonstrate good cause for a 90-day modification of the case schedule and, therefore, DENIES the motion.  The court will, however, accommodate an extension of the trial date to the end of the court's current trial calendar if the parties so stipulate within seven (7) days of the filing date of this order as more fully described herein.

## II.   BACKGROUND

Plaintiff filed a complaint on June 22, 2017, seeking to (1) enjoin Defendants from allegedly violating Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211, 215, and (2) recover wages allegedly owed under the FLSA to Defendants' present and former employees, as well as liquidated damages pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c).  (*See* Compl. (Dkt. # 1).)  On November 6, 2017, the court entered a scheduling order setting the jury trial to begin on February 11, 2019, the deadline for discovery motions on September 14, 2018, and the discovery cutoff on October 15, 2018.  (Sched. Order (Dkt. # 17) at 1.)

On October 30, 2018—after both the discovery motions deadline and the discovery cutoff had passed—Defendants filed the present motion asking the court to "continue the February 11, 2019, trial date 90 days to May 13, 2018, . . . and to continue all other deadlines for 90 days . . . ."  (Mot. at 2.)  Defendants advanced three reasons for the continuance.  (*See id.*)  First, they believed Plaintiff had agreed to dismiss the claims against Defendants Hoa Salon Madison, Huyen Nguyen, Thuy Hong, and Lam Huynh, and accordingly, they halted preparations for these Defendants.  (*Id.*)  However, Plaintiff recently indicated that he did not understand the agreed dismissal to include Hoa Salon

Madison. (*Id.*) Thus, Defendants argue that they now need additional time to prepare for summary judgment and trial for this Defendant. (*Id.*) Second, Defendants argue that they have been unable to obtain responses to their August 10, 2018, discovery requests despite Plaintiff's assurances that such responses were forthcoming. (*Id.*) Third, Defendants assert that they have been unable to depose Plaintiff's witnesses due to Plaintiff's failures to (1) produce written discovery responses, (2) identify certain witnesses, and (3) follow through with scheduling employee witness depositions.

Plaintiff failed to file any opposition to Defendants' motion. (*See generally* Dkt.) However, on November 1, 2018, Plaintiff filed a stipulated motion dismissing Hoa Salon Madison, Huyen Nguyen, Thuy Hong, and Lam Huynh from this action. (Stip. Mot. (Dkt. # 26).) The court entered the stipulated motion as an order on November 6, 2018. (11/6/18 Order (Dkt. # 28).) The court now considers Defendants' motion.

### III. ANALYSIS

Federal Rule of Civil Procedure states that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the pretrial schedule. *Id*. However, "if that party was not diligent, the inquiry should end," and the motion to modify should not be granted. *Id*.; *see also Millenkamp v. Davisco Foods Int'l, Inc*. ., 448 F. App'x 720, 721 (9th Cir. 2011); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002).

1 | Defendants' first argument for an extension of the case schedule—Plaintiff's apparent reversal of his agreement to dismiss Hoa Salon Madison, Inc.—is now moot. Plaintiff filed a stipulated motion to dismiss this Defendant and the court entered the stipulated motion as an order. (*See* Stip. Mot.; 11/6/18 Order.) Thus, Defendants no longer require additional time to prepare their defense of Hoa Salon Madison, Inc.

Nevertheless, Defendants argue that they have established "good cause" because they "have been unable to complete discovery . . . ." (Mot. at 8.) Defendants lay the blame for their failure largely at Plaintiff's feet—arguing that Plaintiff repeatedly assured Defendants that his discovery responses would be forthcoming when they were not. (*See id.* at 4-6, 8.) Defendants also argue that they "will suffer substantial prejudice without a modification of the case schedule, as their ability to prepare for summary judgment and trial will be greatly impacted without Plaintiff's discovery responses or conducting depositions." (*Id.* at 9.) The court is unpersuaded that Defendants have met the "good cause" standard for the 90-day extension they request.

The court's scheduling order provides a remedy for parties who are unable to secure discovery from an opposing party: The aggrieved party can file a motion to compel discovery. (*See* Sched. Order at 1.) If Defendants had done so here, the court could have resolved the parties' discovery issues within a timeframe that would have eliminated Defendants' present issues with the case schedule. Local Civil Rule 16(b) provides that the dates in the scheduling order are binding and "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." Local Rules W.D. Wash. LCR 16(b)(5). Indeed, the court's

own scheduling order expressly warns that the "failure to complete discovery within the time allowed is not recognized as good cause" to alter the case schedule. (Sched. Order at 2.) To the extent that Defendants are now "prejudiced" in their ability to prepare for summary judgment or trial, it is a prejudice largely of their own making. Accordingly, the court concludes that Defendants have not established "good cause" for a 90-day alteration of the case schedule or trial date.

The court, however, emphasizes that it does not approve of Plaintiff's conduct either. Plaintiff's stonewalling of any response to the written discovery and depositions that Defendants have been requesting since August 2018, is unacceptable conduct in federal district court. The court notes that Plaintiff filed no opposition to Defendants' motion, and so the court accepts as true Defendants' statements concerning the conduct of the parties during the course of discovery here. The court also presumes, based on Plaintiff's lack of opposition, that Plaintiff does not oppose an extension of the case schedule and trial date. Based on these observations, the court will offer the parties an alternative solution. The court is unwilling to accommodate a 90-day extension as Defendants request because Defendants failed to demonstrate "good cause" and such an extension might unfairly result in the postponement of another trial where the parties timely prepared their cases and adhered to the court's case schedule. The court will, nevertheless, consider moving the parties' trial date to the end of the court's trial calendar. This avoids placing anyone else's trial date in jeopardy. If the parties desire this relief, they should file a stipulation to that effect on the court's docket within seven (7) days of the filing date of this order. The parties should be aware that the court is

presently scheduling trials in approximately late February or early March 2020. If the court moves the parties' trial to the end of its trial calendar, the court will also issue an amended scheduling order for certain pretrial deadlines, including the discovery cutoff and the deadline for discovery motions.

## IV. CONCLUSION

Based on the foregoing analysis, the court DENIES Defendants' motion for a 90-day extension of the case schedule and trial date (Dkt # 23). Nevertheless, if the parties so stipulate within seven (7) days of the filing date of this order, the court will move the trial date herein to the end of its current trial calendar and issue a new scheduling order with respect to certain pretrial deadlines as described above.

Dated this 9th day of November, 2018.

JAMES L. ROBART
United States District Judge