HON. JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor,<br><br>           Plaintiff,<br><br>v.<br><br>HOA SALON ROOSEVELT, INC., a Washington corporation, HOA SALON BALLARD, INC., a Washington corporation, HOA SALON MADISON, INC., a Washington corporation, THUY MICHELLE NGUYEN PRAVITZ, an individual and managing agent of the Corporate Defendants, ERIC PRAVITZ, an individual and managing agent of the Corporate Defendants, HUYEN NGUYEN, an individual and managing agent of the Corporate Defendants, THUY HONG, an individual and managing agent of the Corporate Defendants, and LAM HUYNH, an individual and managing agent of the Corporate Defendants,<br><br>           Defendants. | No. 2:17-cv-00961-JLR<br><br>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>NOTE ON MOTION CALENDAR:<br>December 7, 2018 |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
No. 2:17-cv-00961-JLR – Page 1

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

## I. RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 56, Defendants Hoa Salon Roosevelt, Inc. ("Hoa Roosevelt"), Hoa Salon Ballard, Inc. ("Hoa Ballard"), Thuy Michelle Nguyen Pravitz, and Eric Pravitz, submit the following Motion for Summary Judgment. Defendants seek partial summary judgment in their favor barring all of Plaintiff's pre-June 22, 2015 claims for back wages and unpaid overtime under the FLSA's presumptive two-year statute of limitations.

Secretary of Labor R. Alexander Acosta ("Plaintiff") brought this action under 29 U.S.C. §§206, 207, 211, and 215, claiming that Defendants violated recordkeeping, overtime, and minimum wage provisions of the Fair Labor Standards Act ("FLSA"). Plaintiff claims Defendants owe former and current Hoa Roosevelt and Hoa Salon Ballard employees damages over a three-year liability period for willful violations of the Fair Labor Standards Act ("FLSA"), plus an equal amount in liquidated damages. Dkt. # 1 at p. 7.

Based on the complete lack of supporting evidence contained in Plaintiff's discovery responses, Defendants' deposition testimony, and Defendants' discovery responses, Plaintiff will not be able to establish a genuine issue of material fact regarding Defendants' alleged willful violation of the FLSA. Plaintiff's pre-June 22, 2015 claims for back wages and/or unpaid overtime should therefore be barred under the FLSA's presumptive two-year statute of limitations.

## II. STATEMENT OF FACTS

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
No. 2:17-cv-00961-JLR – Page 2

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

Defendants, Eric Pravitz and Michelle Nguyen-Pravitz own Hoa Salon Roosevelt, and owned Hoa Salon Ballard until it was sold it to an employee in Spring 2016. Declaration of Eric Pravitz ("Pravitz Decl.") at ¶2. In July 2013, Hoa Salon Roosevelt was targeted for what the defendants were told was a random Department of Labor investigation. Defendants were confident in their practices and cooperated to their fullest extent with the investigator. *Id.* at ¶3.

The investigator requested and was provided the Hoa Roosevelt employee work schedules and payroll records for a specific period of time. *Id.* at ¶4. The investigator also interviewed some Hoa Roosevelt employees and the defendants. *Id*. Defendant Pravitz believed the investigation was focused on whether Hoa Roosevelt was properly compensating its employees for their hours worked. *Id.*

At some point after the investigation, defendants met with the investigator to discuss the results of the investigation. *Id.* at ¶5. They were told that the investigation had not revealed any wage violations, but that Hoa Roosevelt could make a suggested change going forward: change its internal payroll records from classifying all employees as "salaried," and instead classify those employees who were paid by the hour and for overtime as "hourly." Defendants made that suggested change at both Hoa Roosevelt and at Hoa Ballard. *Id.*

In October 2016, Hoa Roosevelt and Hoa Ballard were again the subject of a DOL investigation. *Id.* at ¶6. Defendants believed they would again be found in compliance since, with the exception of the above classification change, they had been following the same employee scheduling and payroll practices that they had in place at the time of the July 2013 DOL investigation. *Id.*

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
No. 2:17-cv-00961-JLR – Page 3

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

On June 22, 2017, Secretary of Labor R. Alexander Acosta ("Plaintiff") brought this action under 29 U.S.C. §§206, 207, 211, and 215, claiming that Defendants Hoa Salon Roosevelt, Inc. ("Hoa Roosevelt"), Hoa Salon Ballard, Inc. (Hoa Ballard), Hoa Salon Madison, Inc. ("Hoa Madison"); and individuals Thuy Michelle Nguyen Pravitz, Eric Pravitz, Huyen Nguyen, Thuy Hong, and Lam Huynh, as managing agents for the corporate defendants, (collectively "Defendants") violated recordkeeping, overtime, and minimum wage provisions of the Fair Labor Standards Act ("FLSA").  (Dkt. # 1 at p. 7). Plaintiff claims Defendants owe former and current Hoa Roosevelt and Hoa Salon Ballard employees of at least $137,603.59 in damages over a three-year liability period for willful violations of the Fair Labor Standards Act ("FLSA"), plus an equal amount in liquidated damages. Declaration Of Bardi D.  Martin ("Martin Decl."), Exhibit A at 4.

Plaintiff provided initial disclosures on October 23, 2017, but did not disclose the DOL investigators responsible for the 2013 investigation, or the raids of Hoa Madison and the White Lotus Salon (successor to Hoa Ballard). *Id.*

On February 12, 2018, Hoa Salon Madison, Inc.'s First Set of Interrogatories and Requests for Production were propounded on Plaintiff. *Id*. at ¶3.  Several of the requests sought information and documents related to the DOL's 2013 investigation, such as Request for Production ("RFP") No. 22, which requested Plaintiff produce "all documents, communications, or other materials that support your assertion that the claimed wage violations were willful," and Interrogatory No. 1, which called for Plaintiff to identify "each individual who provided

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
No. 2:17-cv-00961-JLR – Page 4

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

information or materials that you used when responding to these Interrogatories and Requests for Production. *Id.*, Exhibit B at 3.

Plaintiff produced responses on March 28th, 2018, and supplemented responses on March 30th, 2018. *Id*. Plaintiff's response to RFP No. 22, directed Defendants "see responsive, non-privileged portions of documents marked" DOL 000269-000275 and DOL 002334-02338. *Id*. Plaintiff's response to Interrogatory No. 1, did not reference any DOL employee or investigator involved in the 2013 investigation. *Id.* On March 30th, 2018, Plaintiff produced a privilege log indicating all portions of DOL 000269-000275 and DOL 002334-02338 were privileged. *Id.*, Exhibit C. To date, Plaintiff has never produced documents labeled DOL 000269-000275. *Id*. at ¶4.

On August 10, 2018, Hoa Roosevelt propounded interrogatories and requests for production to Plaintiff. Id. at ¶5. Defendants again sought information and documents related to the DOL's 2013 investigation. *Id*. Plaintiff failed to produce timely responses and objections and did not request an extension or move for a protective order. *Id.* During the parties September 14, 2018, meet and confer addressing Plaintiff's late discovery responses, among other things, Plaintiff agreed to identify the DOL investigators responsible for the 2013 investigation, produce the 2013 DOL investigation file, and provide the discovery responses by September 18, 2018. *Id*. at ¶6-7.

It was not until November 2, 2018, eleven days prior to the Court's dispositive motion deadline, that Plaintiff finally provided responses to Hoa Roosevelt's discovery requests. *Id*. at

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
No. 2:17-cv-00961-JLR – Page 5

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

¶8.   In the responses, Plaintiff finally disclosed that Sherrie Chan was former Wage and Hour Investigator that conducted the 2013 investigation into Hoa Salon. *Id.*, Exhibit C at 3.

Plaintiff also produced documents related to the 2013 investigation, including DOL Back Wage Computations, time and payroll records covering two payroll periods from June 15, 2013 to July 15, 2013, and notes from Sherrie Chan's initial interview with Eric and Michelle Pravitz. *Id*. Exhibit D. The discovery responses are entirely void of evidence supporting Plaintiff's contention Defendants committed a willful violation of the FLSA.

## I.   ISSUE PRESENTED

Whether all claims that fall outside the FLSA's presumptive two-year statute of limitations should be barred when Plaintiff cannot establish a genuine issue of material fact regarding Defendants' alleged willful violation of the FLSA?

## II.   EVIDENCE RELIED UPON

Defendants rely upon the court file in this matter, and the Declarations of Eric Pravitz and Bardi D. Martin and exhibits attached thereto.

## III.   LEGAL AUTHORITY AND ARGUMENT

### A.   The Summary Judgment Standard

Entry of summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party has the initial burden of demonstrating that no genuine issue of material fact exists. *Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers*, 971 F.2d 347, 355 (9th Cir. 1992) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970)).   Once the moving party has satisfied this requirement, the burden shifts to the

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
No. 2:17-cv-00961-JLR – Page 6

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

nonmoving party to present evidence that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). All evidence must be viewed in the light most favorable to the nonmoving party. *Owens*, 971 F.2d at 355 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10, 91 L. Ed. 2d 202 (1986)). The summary judgment standard is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 356 (citing *Anderson,* 477 U.S. at 251-52, 106 S. Ct. at 2512). Summary judgment must be granted "'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Parth v. Pomona Valley Hosp. Med. Ctr.,* 630 F.3d 794, 798-99 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 2902 (2011) (quoting *Celotex Corp.*, 477 U.S. at 324). "The mere existence of a scintilla of evidence" is not enough. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505.

**B.     Defendants are Entitled to Summary Judgment on Claims That Fall Outside the Two-Year Statute of Limitations for the FLSA.**

A cause of action for unpaid minimum wages, unpaid overtime, or liquidated damages under the FLSA must be "commenced within two years after the cause of action accrued, ... except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Wage claims arise on a pay period by pay period basis, and any claims that arise prior to this two-year window are barred. *Donovan v. Crisostomo*, 689 F.2d 869, 875-76 (9th Cir. 1982). To prove a particular FLSA violation willful under § 255, the Supreme Court has generally required evidence of an employer's

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
No. 2:17-cv-00961-JLR – Page 7

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

"kn[owing] or reckless disregard for the matter of whether its conduct was prohibited by the statute." *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (citing *McLaughlin v. Richland Shoe,* 486 U.S. 128, 133, 108 S.Ct. 1677 (internal citations omitted). Willful conduct will not be presumed in the absence of evidence. *Id.* (citing *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 356 (5th Cir. 1990)). The word "willful" refers to conduct that is "voluntary," "deliberate," or "intentional," and not merely negligent. *Richland Shoe,* 486 U.S. at 128.

### 1. Plaintiff Has Produced No Evidence to Substantiate His Claims That Defendants Willfully Violated the FLSA; Therefore, the Presumptive Two-Year Statute of Limitations Applies.

The FLSA's two-year limitation period applies here because there is no evidence to support an assertion that Defendants willfully violated the statute. Although Plaintiff appears to rely solely on the 2013 DOL investigation to establish claims of willful violations of the FLSA, Plaintiff has produced absolutely no evidence in support of those claims. Indeed, the documents produced by Plaintiff show that during the 2013 investigation, DOL investigator Sherrie Chan chose to discontinue her back wage computations after reviewing a single month of Defendants' payroll records. Moreover, Plaintiff has not produced evidence of any additional basis for establishing a willful violation of the FLSA unrelated to the 2013 investigation.

### 2. The 2013 DOL Investigation Revealed No Wage Violations.

During its 2013 investigation, the DOL conducted interviews with the Defendants and Hoa Roosevelt employees, reviewed employee work schedules and payroll records, and at its conclusion, Defendants were told that the investigation had not revealed any wage violations.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
No. 2:17-cv-00961-JLR – Page 8

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

The investigation resulted in no penalties. Although Investigator Chan did not find wage violations, she suggested Defendants change their internal payroll records from classifying all employees as "salaried," and instead classify those employees who were paid by the hour and for overtime as "hourly." Accordingly, Defendants made the suggested change at both Hoa Roosevelt and at Hoa Ballard and kept their other scheduling and payroll practices that were in place at the time of the July 2013 DOL investigation.

Because the 2013 investigation revealed no FLSA violations, it cannot be used to establish a willful violation of the FLSA.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its Motion for Summary Judgment and bar all Plaintiff's pre-June 22, 2015 claims for back wages and unpaid overtime under the FLSA's presumptive two-year statute of limitations.

DATED this 13th day of November, 2018.

BOYLE MARTIN THOENY, PLLC

*/s/ Bardi Martin*

BARDI D. MARTIN, WSBA #39077
MARGARET M. BOYLE, WSBA #17089
Attorneys for Defendants

DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT
No. 2:17-cv-00961-JLR – Page 9

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600