JANET M. HEROLD
Regional Solicitor
BRUCE L. BROWN
Associate Regional Solicitor
ABIGAIL G. DAQUIZ
Sr. Trial Attorney (WSBA #35521)
Office of the Solicitor
United States Department of Labor
300 Fifth Avenue, Suite 1120
Seattle, WA 98104
Telephone: (206) 757-6753
Facsimile:  (206) 757-6761
daquiz.abigail@dol.gov
Attorneys for the Plaintiff
Secretary of Labor

HON. JAMES L. ROBART

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**HOA SALON ROOSEVELT, INC.**, a Washington corporation, **HOA SALON BALLARD, INC.**, a Washington corporation, **THUY MICHELLE NGUYEN PRAVITZ**, an individual and managing agent of the Corporate Defendants, **ERIC PRAVITZ**, an individual and managing agent of the Corporate Defendants,<br><br>Defendants. | Case No.:  2:17-CV-00961-JLR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
PAGE - 1

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

The Court should deny Defendants' motion for partial summary judgment because Defendants willfully violated the FLSA. Defendants' own statements, testimony, and documents will prove that they willfully failed to pay overtime and maintain records of hours and pay as required by the FLSA.[1] Defendants' reliance on the 2013 investigation in its motion is like putting blinders on a horse, ignoring what constitutes willfulness under the FLSA and ignoring its own failures to comply following that investigation.

I. **FACTUAL BACKGROUND**

Hoa Salon is an award-winning salon and was ranked in the top 10 for their services in Seattle in 2017.[2] Defendants built their business and reputation on the service provided by its hard-working nail technicians. Defendants Eric Pravitz and Michelle Pravitz both studied business and had both worked in many industries when they decided to go into the nail salon business.[3] They employed nail technicians and receptionists at their salons, many of whom did not read or

---

[1] Defendants' motion outlines issues it has with the Secretary's disclosures and discovery responses that are irrelevant to the question of whether Defendants' violations of the FLSA were willful. Defendants' Motion for Partial Summary Judgment, Dkt. 30 (Defendants' Motion for Partial Summary Judgment at pp. 4-6). The Secretary does not intend to call former Wage and Hour Investigator Sherrie Chan in the trial in this matter and does not need her testimony to prove that Defendants' violations were willful.

[2] Declaration of Abigail G. Daquiz (Daquiz Decl.), ¶ 2, Exhibit 1 (Seattle's A-List Award, ranking Hoa Salon #4 of 153 salons in Seattle in 2017).

[3] Defendant Eric Pravitz has earned a Bachelor's degree from University of La Verna in California in Business Administration. Daquiz Decl., ¶ 3, Ex. 2 (Deposition of Mr. Eric Pravitz at 7:7-9; 10:12-24). Defendant Michelle Pravitz graduated from high school in Vietnam and attended two years of college in New Jersey at Glassboro State College in Cherry Hill, NJ where she took business classes. Daquiz Decl., ¶ 4, Ex. 3 (Deposition of Mrs. Michelle Pravitz at 7:13-8:20).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
PAGE - 2

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

write in English and would rely on family members to translate for them.[4] Mr. Pravitz testified that when he and his wife opened their first nail salon, Hoa Salon Roosevelt, Inc., they were trying to change the practice they saw in other nail salons where employees were accustomed to being paid in irregular forms of payment with a mix of payroll checks and cash payments.[5]

Mr. and Mrs. Pravitz knew that there were overlapping rules and regulations governing employers. For example, Mr. Pravitz testified that he wanted to make sure that they were paying payroll taxes and that the employees were paying towards Social Security.[6] Mr. Pravitz knew about minimum wage rules and other rules employers had to follow because they were widely available through the media.[7] Indeed, Mr. Pravitz drafted employment letters outlining the terms of employment for the Hoa Salon employees outlining hourly rates, how overtime would be paid at 1.5 times the employee's hourly rate, and information about employee schedules and breaks.[8]

Defendants Hoa Salon Roosevelt and Mr. and Mrs. Pravitz were investigated by the Department of Labor in 2013 as part of the agency's emphasis program on nail salons.[9] This investigation covered only Defendant

---

[4] Daquiz Decl., Ex. 2 (E. Pravitz Dep. at 49:11-19).
[5] *Id.* (E. Pravitz Dep. at 17:3-20).
[6] *Id.*
[7] *Id.* (E. Pravitz Dep. at 58:2-10).
[8] These are all of the employment letters produced by Defendants from the time period prior to 2018 (when a new time card system was instituted). Daquiz Decl., ¶ 5 and Exhibit 4.
[9] Declaration of Sherrie Chan, Nov. 29, 2018 (Chan Decl.) ¶ 2.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT PAGE - 3

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

Hoa Salon Roosevelt, Inc.[10] The Wage and Hour Investigator conducting the investigation was Sherrie Chan who no longer works for the agency.[11] This investigation closed without penalties being issued against because the underpayments uncovered were paid immediately by the employer.[12]

However, in the course of coming to agreement about resolving the underpayments, WHI Chan advised the Defendants their payroll practices were in violation of the recordkeeping provisions of the Fair Labor Standards Act.[13] First, Defendants simply failed to maintain employee time records as required by the Act and 29 C.F.R. §§ 516.2, 516.6.[14] Second, Defendants' recording of wages paid on a salary basis in semi-monthly payments violated the requirement to maintain a record of hours on a workweek basis.[15] In 2013, Defendants paid their employees twice a month on the 5th and 20th of each month, as described in their employment letters.[16] Employees were paid on a salary system and employees were paid 1.5 times the base hourly rate for hours in excess of 87 for a semi-monthly period, instead of being paid for hours worked in excess of 40 in a workweek—making it difficult to tell whether or not employees were getting paid properly for overtime.[17] Defendants showed these extra payments in a

---

[10] *Id.*
[11] *Id.*, ¶¶ 1, 2.
[12] *Id.*, ¶ 5.
[13] *Id.*, ¶¶ 4-6.
[14] *Id.*, ¶ 4.
[15] *Id.*, ¶ 5.
[16] *See,* Chan Decl., ¶¶ 4-6; and Daquiz Decl., Ex. 4 (Employee Offer Letters)
[17] Chan Decl., ¶ 5.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
PAGE - 4

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

category in their payroll system labeled "Bonus" that contained payments for performance bonuses and payments for paid holidays but failed to include the number of hours worked used to arrive at those payments.[18] Mr. Pravitz states in his declaration that the Wage and Hour Investigator told him that their payroll recordkeeping practices should be changed from classifying all employees as "salaried" to classify those who were paid by the hour and for overtime as "hourly" employees.[19]

At the conclusion of the investigation, WHI Chan provided Mr. and Mrs. Pravitz with a briefing of what the FLSA and related regulations required and provided the employer with the following guidance documents:

- Fact Sheet 44, Visits to Employers
- WH 1088, Fair Labor Standards Act Poster
- WH 1261, Regulations at Title 29 Part 516, Recordkeeping
- WH 1262, Regulations at Title 9 Part 778, Overtime Compensation
- WH 1297, Employment Relationship Under the Fair Labor Standards Act
- WH 1281, Regulations at Title 29 Part 541, Exemptions to the Fair Labor Standards Act
- WH 1282, Handy Reference Guide to the Fair Labor Standards Act
- WH 1312, Regulations at Title 29 Part 785, Hours Worked
- WH 1318, U.S. Code, Title 29, Chapter 8, Fair Labor Standards Act
- WH 1330, Child Labor Provision for Non-Agricultural Occupations under Fair Labor Standards Act
- WH 1467, Regulations at Title 29, Part 578, Minimum Wage and Overtime Violations: Civil Money Penalties

---

[18] Daquiz Decl., ¶ 6, 7; Exhibits 5 and 6 (Secretary's First Set of Discovery Directed to Hoa Salon Roosevelt and Responses Thereto, Interr. No. 4; and Secretary's First Set of Discovery Directed to Hoa Salon Ballard and Responses Thereto, Interr. No. 4; and Exhibit 2 (E. Pravitz Dep. at 54:18-55:4).

[19] Dkt. 31, Declaration of Eric Pravitz in support of Defendants' Motion for Partial Summary Judgment, at ¶ 5.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
PAGE - 5

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

These publications contain the text of the Fair Labor Standards Act, the regulations regarding recordkeeping, overtime, and other agency guidance about employers' responsibilities under the Act.[20] The investigation concluded in August of 2013.

Despite knowing in 2013 that their payroll system did not comply with the FLSA's requirements, it was not until April 1, 2015, that Defendants finally changed their payroll system to reflect hourly pay rather than payment for an annual salary.[21] Then, more than a year later, Defendants made another change. On June 1, 2016, Defendants added an Overtime category to the payroll system. This was the first time that employees' pay records identified overtime wages separate from other "Bonus" payments that included paid holidays and performance bonuses.[22] Mr. Pravitz testified that this change was made after some difficulty with his accountant who did not give him permissions in the program to make the change.[23]

In October 2016, the Wage and Hour Division investigated Defendants' employment practices at three related Hoa Salons located in the Roosevelt, Ballard, and Madison Valley neighborhoods.[24] As an initial matter, it was clear that Defendants' recordkeeping practices had not improved as they were still

---

[20] Chan Decl., ¶ 7, Exhibits A-K.
[21] Daquiz Decl., ¶ 6, 7; Exhibits 5 and 6.
[22] *Id.*
[23] *Id.*, Ex. 2 (E. Pravitz Dep. at 54:6-17).
[24] Declaration of Katherine Walum, ¶¶ 2-3.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT PAGE - 6

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

missing time records and continued to fail to account for hours worked on a workweek basis.[25]

Mr. and Mrs. Pravitz met with Wage and Hour Investigator Katherine Walum and during that meeting Defendants described their pay practices.[26] Defendants acknowledged that they required workers to be at work from 9:30 AM to 7:15 PM Mondays through Saturdays (and 10:30 AM to 5:15 PM on Sundays), that they pay the workers for 9 hours of work, and that they always deduct 30 minutes for lunch. Defendants described that the employees are assigned clients on a "turn-based" system and that employees can choose to skip their turn with a client in order to take a break—and they readily admitted that they did not record breaks on the time sheets.[27] They described how they paid overtime for hours worked over 87 hours in the semi-monthly pay period.[28] Defendants did not maintain any of the time entry records for either Hoa Salon Ballard or Hoa Salon Roosevelt and only presented WHI Walum with worksheets of total number of hours per day that they used to run their payroll for Hoa Salon Roosevelt.[29] Defendants only maintained and produced a few months of their time record worksheets for Hoa Salon Ballard.[30]

---

[25] *Id.*, ¶¶ 2, 4.
[26] *Id.*, ¶¶ 2, 3.
[27] *Id.*, ¶ 2, Exhibit 1.
[28] *Id.*
[29] *Id.*, ¶ 4.
[30] *Id.*

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
PAGE - 7

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

Beginning on January 1, 2017, Defendants made another change to their payroll practices. They began to calculate employee work hours using a 7-day pay period, Sunday through Saturday and calculated overtime pay for the hours worked in excess of 40 hours during that 7-day pay period at 1.5 times the regular pay rate.[31]

## II. ARGUMENT

### A. Legal Standard

The Court must deny summary judgment when the nonmoving party presents specific facts showing remaining genuine issues of material fact for trial.[32] "[T]he judge must assume the truth of the evidence set forth by the nonmoving party."[33] The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor.[34] On a motion for summary judgment the court "does not make credibility determinations or weigh conflicting evidence."[35] Defendants' statements, testimony, and their recordkeeping practices raises genuine issues of material fact sufficient to defeat summary judgment.

//

//

---

[31] Walum Decl., ¶ 5; Daquiz Decl., ¶ 6, 7; Exhibits 5 and 6.
[32] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).
[33] *Leslie v. Grupo ICA*, 198 F.3d 1152, 1158-59 (9th Cir. 1999) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).
[34] *Smith v. Clark Cnty. School Dist.*, 727 F.3d 950, 954 (9th Cir. 2013).
[35] *Porter v. Cal. Dep't of Corrs.*, 419 F.3d 885, 891 (9th Cir. 2005).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
PAGE - 8

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

## B. Defendants willfully violated Section 207 of the FLSA and therefore a three year statute of limitations applies.

Defendants cannot prevail on summary judgment on the question of willfulness because they showed reckless disregard when setting up their payroll processes. When employers willfully violate the FLSA, as Defendants have, a three year, rather than two year statute of limitations applies.[36] A violation of the FLSA is willful if the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA.[37] Further, an employer need not act knowingly to willfully violate the FLSA—an employer's reckless disregard for the matter of whether its conduct was prohibited by the FLSA is sufficient to find an employer acted willfully.[38] A violation is willful where an employer disregarded the very "possibility" that it was violating the FLSA.[39] Indeed, in the Ninth Circuit, an employer's violation of the FLSA is "willful" when it is "on notice of its FLSA requirements, yet [takes] no affirmative action to assure compliance with them."[40]

---

[36] *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908 (9th Cir. 2003); 29 U.S.C. § 255.
[37] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).
[38] *Flores v. City of San Gabriel*, 824 F.3d 890, 906 (9th Cir. 2016), *cert. denied sub nom. City of San Gabriel, Cal. v. Flores*, 137 S. Ct. 2117 (2017).
[39] *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908 (9th Cir. 2003) *citing Herman v. RSR Sec Servs. Ltd.*, 172, F.3d 132, 141 (2nd Cir. 1999).
[40] *Flores,* 824 F.3d at 906-907(citing *Alvarez,*339 F.3d at 909)(finding willfulness where the City failed to investigate whether its exclusion of cash-in-lieu of benefits payments from the regular rate of pay complied with the FLSA at any time following its initial determination that the payments constituted a benefit).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
PAGE - 9

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

Not only are there material facts in dispute, Mr. Pravitz' testimony makes it clear that he was aware of the FLSA's overtime and recordkeeping requirements and ignored them, rendering Defendants' conduct willful. From the opening of Hoa Salon Roosevelt, Defendants acknowledged the importance of keeping pay records and accounting for overtime.[41] Mr. Pravitz studied business administration and he and his wife purportedly wanted to make sure that they were in compliance with the rules governing employers. They put these rules in writing to be shared with their employees in the form of employment letters so that the workers would know what their rights and obligations were as employees of Hoa Salon.[42] And they set up a flawed system of paying overtime that failed to comply with the FLSA, but acknowledges the requirement that overtime be paid at a premium rate of 1.5 times their regular rate. Defendants told their employees that they would get breaks as part of the work day[43]—and then they routinely deducted 30 minutes from their employees' hours each day without scheduling breaks or requiring that the employees take their breaks. In fact, Defendants state that employees could "skip their turn" to serve a client to take a break, putting the responsibility of taking breaks (at the risk of missing their turn and potential tip income) on the employees.[44]

---

[41] *See, supra,* pp. 2-3.
[42] *Id.*; Daquiz Decl., Ex. 4 (Employment Offer Letters).
[43] *Id.*
[44] Walum Decl., ¶ 2, Exhibit 1.

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

Notwithstanding Defendants' understanding of their obligations, they did not maintain the required time records, they did not record and maintain their payroll to show when their employees' incurred overtime in a workweek and whether or not that overtime was paid correctly, and they deducted 30 minutes from employees' hours, without regard for whether those employees were actually on break. These are willful violations of the FLSA and warrant extending the statute of limitations to a three-year period.

### C. Following the 2013 Wage and Hour Investigation, Instead of Coming Into Compliance, Defendants Continued to Violate the FLSA.

An employer acts knowingly when it has knowledge of the FLSA's requirements, such as guidance from a prior investigation by the U.S. Department of Labor, and fails to comply.[45] Past investigations that resulted in only "warnings against further violations of the FLSA" followed by evidence that the employer's promises of future compliance had not been met is also sufficient to find willful violations.[46] Courts find past investigations probative of willfulness, even when those past investigations found non-willful violations that are different in kind from the current allegations.[47]

---

[45] *Chao v. A-One Medical Services, Inc.*, 346 F.3d 908, 919 (9th Cir. 2003); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 967 (6th Cir. 1991) (finding willfulness where defendant had actual knowledge of the FLSA's overtime requirements from a previous Department of Labor investigation and failed to comply).
[46] *Hodgson v. Cactus Craft of California*, 481 F.2d 464, 467 (9th Cir 1973).
[47] *Chao v. A-One Medical Services, Inc.*, 346 F.3d 908, 919 (9th Cir. 2003) (prior FLSA violations, "even different in kind from the instant one and not found to be willful" is probative of finding willful violations in subsequent proceedings).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT PAGE - 11

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

In August of 2013, Defendants had a meeting with WHI Chan where she outlined the requirements of the FLSA's minimum wage, overtime and recordkeeping provisions.[48] Further, she told them that there were records missing and the records provided by the Defendants did not comply with the FLSA's requirements making a review to determine compliance difficult.[49] Defendants failed to maintain and keep time records showing employees' start and end times for the required two year period and Defendants organized the employee pay records on a salary basis on a semi-monthly pay period, instead of an hourly basis broken down into workweeks.[50] This made it difficult for employees to know if they were being paid correctly and difficult for investigators or auditors to determine compliance.[51] Defendants represented that they would make the corrections to their payroll records and come into compliance.[52]

However, at the close of the 2013 investigation and contrary to the implication in Defendants' declaration—Defendants did not make immediate changes to their recordkeeping and payroll systems. Defendants changed their categorization of employees from salaried to hourly on April 1, 2015—20 months after the 2013 investigation.[53] Then, Defendants again waited until more than a

---

[48] *See, supra,* pp. 3-4.
[49] *Id.*, and Chan Decl., ¶ 5.
[50] Chan Decl., ¶¶ 5, 6.
[51] *Id.*
[52] *Id.*, ¶ 6; Dkt. 31, Declaration of Eric Pravitz in support of Defendants' Motion for Partial Summary Judgment, at ¶ 5.
[53] Daquiz Decl., ¶¶ 6, 7; Exhibits 5 and 6 (Interrogatory Responses from Defendants Hoa Salon Roosevelt, Inc. and Hoa Salon Ballard, Inc.).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
PAGE - 12

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

year later, on June 1, 2016, to add an Overtime category to the payroll system and properly account for overtime payments separate from other "Bonus" payments (including paid holidays and performance bonuses).[54] Mr. Pravitz testified that he had been meaning to make this change, but difficultly with his accountant delayed the implementation.[55] Finally, on January 1, 2017, Defendants made another change to their payroll practices by calculating employee work hours using a 7 day pay period, Sunday through Saturday and calculated overtime pay for the hours worked in excess of 40 hours during that 7-day pay period at 1.5 times the regular pay rate.[56] This change to a 7-day pay period (instead of a semi-monthly pay period) coupled with the use of an overtime category to reflect overtime payments (instead of a Bonus category as a catch-all for overtime, holiday pay and performance bonuses) will now allow for employees and auditors to review Defendants' records to determine compliance with the overtime rules.[57]

The Defendants' misapprehend the lessons that the 2013 audit should have taught them. Instead of being a stamp of approval for their payroll practices, it put Defendants on notice of the deficiencies of their payroll practices and should have resulted in changes to ensure compliance in a timely manner. Defendants' slow-walk to compliance constitutes willful violations.

---

[54] *Id.*
[55] Daquiz Decl., Ex. 2 (E. Pravitz Dep. at 54:6-17).
[56] Daquiz Decl., ¶ ¶ 6, 7; Exhibits 5 and 6.
[57] Walum Decl., ¶ 5.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
PAGE - 13

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

## III. CONCLUSION

The Court cannot ignore the Defendants' knowledge of the requirements of the FLSA and its failure to meet them. Defendants' own admissions and documents prove that Defendants knew and disregarded the requirements of the Act. The Court should deny Defendants motion and allow employees to recover the wages they earned for the entire three-year period.

Respectfully submitted this 3rd day of December, 2018.

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor

_____
ABIGAIL G. DAQUIZ
Senior Trial Attorney
Attorneys for Plaintiff
United States Department of Labor

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
PAGE - 14

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761