JANET M. HEROLD
Regional Solicitor
BRUCE L. BROWN
Associate Regional Solicitor
ABIGAIL G. DAQUIZ
Sr. Trial Attorney (WSBA #35521)
Office of the Solicitor
United States Department of Labor
300 Fifth Avenue, Suite 1120
Seattle, WA 98104
Telephone: (206) 757-6753
Facsimile:  (206) 757-6761
daquiz.abigail@dol.gov
Attorneys for the Plaintiff
Secretary of Labor

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**HOA SALON ROOSEVELT, INC.**, a Washington corporation, **HOA SALON BALLARD, INC.**, a Washington corporation, **THUY MICHELLE NGUYEN PRAVITZ**, an individual and managing agent of the Corporate Defendants,  **ERIC PRAVITZ**, an individual and managing agent of the Corporate Defendants,<br><br>Defendants. | Case No.:  2:17-CV-00961-JLR<br><br>**DECLARATION OF SHERRIE CHAN**<br><br>**IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

DECLARATION OF SHERRIE CHAN
PAGE - 1

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

I, Sherrie Chan, declare as follows:

1. I worked as an investigator for the U.S. Department of Labor, Wage and Hour Division from February 2008 to July 2017. I no longer work for the agency. My job was to investigate and determine whether employers were complying with federal labor laws, including the Fair Labor Standards Act. I have personal knowledge of the facts contained in this declaration.

2. My supervisor assigned me to investigate Hoa Salon Roosevelt, Inc. in 2013 as part of an emphasis program focusing on nail salons in the Seattle area. My investigation did not include a review of practices at Hoa Salon Ballard or Hoa Salon Madison.

3. As part of my investigation, I met with the owners, Michelle Pravitz and Eric Pravitz, I tried to talk to workers, and I reviewed their payroll documents and any other documents available that would show the hours worked by their employees.

4. The employers did not keep the time records that showed when workers arrived to work and when they ended their shifts and I told them that they had to keep those records for at least two years.

5. As part of my investigation, I found that they kept their payroll records on a semi-monthly basis instead of bi-weekly and it was difficult to tell

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

whether or not they were paying any overtime premiums. When I asked Mr. Pravitz about overtime payments, he seemed very knowledgeable about the requirements to pay overtime and showed me a few examples of how they account for overtime. I found some instances where employees were not paid overtime and the employer made prompt payments to the employees.

6. At the close of the investigation, I had a final conference with Mr. and Mrs. Pravitz. This occurred in August of 2013. We talked about the requirements of the FLSA, their overtime issues and their recordkeeping problems. I reminded them that they had to make and keep the time records for at least two years. We discussed how they should change their pay records to reflect wages earned by their employees for hourly work instead of as salaried employees to help with the making sure that overtime was accounted for properly. Mr. Pravitz said he would come into compliance.

7. At this final conference, like with all employers, I provided them with the following guidance documents in the form of booklets and pamphlets:

    **A.** Fact Sheet 44, Visits to Employers
    **B.** WH 1088, Fair Labor Standards Act Poster
    **C.** WH 1261, Regulations at Title 29 Part 516, Recordkeeping
    **D.** WH 1262, Regulations at Title 9 Part 778, Overtime Compensation
    **E.** WH 1297, Employment Relationship Under the Fair Labor Standards Act
    **F.** WH 1281, Regulations at Title 29 Part 541, Exemptions to the Fair Labor Standards Act
    **G.** WH 1282, Handy Reference Guide to the Fair Labor Standards Act
    **H.** WH 1312, Regulations at Title 29 Part 785, Hours Worked
    **I.** WH 1318, U.S. Code, Title 29, Chapter 8, Fair Labor Standards Act

DECLARATION OF SHERRIE CHAN
PAGE - 3

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

    **J.** WH 1330, Child Labor Provision for Non-Agricultural Occupations under Fair Labor Standards Act
    **K.** WH 1467, Regulations at Title 29, Part 578, Minimum Wage and Overtime Violations: Civil Money Penalties

Attached to this declaration as Exhibits A-K (as identified above) are true and correct copies of those documents that I provided to the employers.

    I swear under penalty of perjury that the foregoing is true to the best of my knowledge and that this document was executed on this 29th day of November, 2018, in Seattle, WA.

*Sherrie Chan*

_____
Sherrie Chan

DECLARATION OF SHERRIE CHAN
PAGE - 4

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761