HON. JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>HOA SALON ROOSEVELT, INC., a Washington corporation, HOA SALON BALLARD, INC., a Washington corporation, HOA SALON MADISON, INC., a Washington corporation, THUY MICHELLE NGUYEN PRAVITZ, an individual and managing agent of the Corporate Defendants, ERIC PRAVITZ, an individual and managing agent of the Corporate Defendants, HUYEN NGUYEN, an individual and managing agent of the Corporate Defendants, THUY HONG, an individual and managing agent of the Corporate Defendants, and LAM HUYNH, an individual and managing agent of the Corporate Defendants,<br><br>    Defendants. | No. 2:17-cv-00961-JLR<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>NOTE ON MOTION CALENDAR:<br>December 7, 2018 |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
No. 2:17-cv-00961-JLR – Page 1

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

## I. DEFENDANTS' MOTION TO STRIKE:

DOL has provided the Declaration of Sherrie Chan to support its opposition to defendants' Motion for Partial Summary Judgment. DOL did not timely identify Ms. Chan as a witness in this matter, and as a result, this Court should strike (a) her Declaration, and (b) those portions of DOL's response brief that cite to, and rely upon, that document.[1]

### a. DOL failed to comply with its initial disclosure obligations.

Federal Rules of Civil Procedure 26(a)(1)(A) requires a party to identify to other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party *may* use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and *may* use to support its claims or defenses, unless the use would be solely for impeachment.[2]

DOL failed to comply with these requirements.

As is now clear, DOL's complaint includes a claim that defendants "willfully" engaged in FLSA wage and record keeping violations from 2014-2017.[3] Defendants denied having engaged in any such violations, much less that they acted willfully.[4] As such, DOL was aware at the time it was preparing its initial disclosures that "willfulness" – on which it carried the burden – would

---

[1] DOL's representation that it does not intend to call Ms. Chan at trial may be a result of its failure to properly name her.
[2] Emphasis added.
[3] Dkt. #15, ¶ 18.
[4] Dkt. #20, ¶ 17.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
No. 2:17-cv-00961-JLR – Page 2

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

be an issue at trial. Despite this, DOL failed to (a) identify Ms. Chan and the subjects on which she had information, and (2) provide a copy or a description of documents related to the brief, random 2013 investigation conducted by Ms. Chan.[5] In fact, DOL's initial disclosure are devoid of any indication that DOL would be relying upon testimony and records related to the 2013 investigation to meet its burden at trial of establishing willful wage and record keeping violations.[6]

Yet, when defendants now bring the predictable challenge to DOL's ability to meet its burden, DOL relies largely on the testimony of Ms. Chan. That is, DOL has not only provided a four-page declaration from Ms. Chan, but its summary judgment response is largely based upon the allegations contained in that document. Under these circumstances, a finding that DOL failed to comply with its initial disclosure obligations is compelled.

Perhaps in anticipation of a motion to strike Ms. Chan's Declaration, DOL states in its summary judgment response brief that it does not intend to call Ms. Chan as a witness at trial and that it "does not need her testimony to prove Defendants' violations were willful."[7] In other words, DOL did not need to identify Ms. Chan or any documents related to the 2013 investigation because it will not rely on such evidence to meet its burden. Yet, DOL's summary judgment materials clearly belie this claim.

> **b. DOL should be precluded from using Ms. Chan's declaration or any facts based upon it in response to defendants' summary judgment motion.**

---

[5] Declaration of Margaret Boyle ("Boyle Decl."), ¶ 2, Exhibit 1.
[6] DOL only identified two investigators who participated in the 2016 investigation.
[7] Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment, Dkt. 34, at page 2, fn. 1.

REPLY IN SUPPORT OF
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT
No. 2:17-cv-00961-JLR – Page 3

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

A party's failure to comply with its initial disclosure obligations triggers the penalty set out in FRCP 37(c)(1):

> "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

The above facts establish that the application of this penalty is appropriate, and that defendants' motion to strike should be granted.

"Rule 37(c)(1) gives teeth to [the initial disclosure] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."[8] This is true "even absent a showing in the record of bad faith or willfulness[.]"[9] Therefore, absent a showing by DOL that the failure to identify Ms. Chan and the subjects of her information was either justified or harmless, this Court should grant defendants' motion to strike.[10]

As shown above, DOL is not justified in its failure to abide its initial disclosure obligation. Ms. Chan is clearly an important witness for their case, and DOL was not justified in failing to identify her and the subjects on which she would testify.[11]

DOL's failure to do so is also not harmless. DOL first identified Ms. Chan as the 2013 investigator in discovery responses it provided on November 2, 2018 – five weeks after the

---

[8] Molly v. Deckers Outdoor Corp., 59 U.S.P.Q.2d 1833, 259 F.3d 1101, 1106 (9th Cir. 2001).
[9] Id., at 1106.
[10] Torres v. City of Los Angeles, 548 F.3d 1197, 1212-13 (9th Cir. 2008).
[11] DOL has also taken the unusual position that it can raise an issue of fact on summary judgment using evidence that it does not intend on presenting at trial in the event the motion is denied. It is almost axiomatic that this position should be rejected, as summary judgment should be based upon the evidence a party intends to present at trial.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
No. 2:17-cv-00961-JLR – Page 4

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

discovery cutoff, and 10 days before the deadline to file dispositive motions.[12]  In addition, when DOL's did finally identify Ms. Chan, it did not fully answer the discovery request by also including a description of the facts she allegedly possessed, much less an indication of the unique facts she would claim to possess – facts DOL now tries to use to defeat summary judgment on its willfulness claim.  Defendants only learned of Ms. Chan's importance to DOL when it produced her lengthy declaration to support its opposition to summary judgment.  Under these facts, DOL will not be able to establish that its failure to meet its initial disclosure obligations was harmless.

Based upon the above, defendants' motion to strike should be granted.

## II. DOL PRESENTS INSUFFICIENT FACTS TO ESTABLISH DEFENDANTS WILLFULLY VIOLATED FLSA RECORD KEEPING REQUIREMENTS.

DOL cannot raise an issue of fact on their claim that defendants engaged in "willful" violations of the FLSA.  At trial, DOL will bear the burden of proving that defendants "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by [the FLSA]."[13]  This burden requires more than a showing that the employer knew that the FLSA was in the picture or that the employer failed to pay overtime.[14]  "It is not enough that Plaintiffs' evidence may demonstrate that [Defendants] at some point had knowledge of FLSA's provisions, but it must prove that [Defendants] knew that [their] failure to pay overtime under the

---

[12] Boyle Decl., ¶ 3, Exhibit 2.
[13] Garcia v. Tyson Foods, Inc., 766 F. Supp. 2d 1167, 1184-85 (D. Kan. 2011) (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)); Pabst v. Oklahoma Gas & Elec. Co., 228 F.3d 1128, 1137 (10th Cir. 2000).
[14] Scott v. Raudin McCormick, Inc., Case No. 08-4045, 2010 U.S. Dist. LEXIS 92902, *15 (D. Kan. Sept. 7, 2010) (granting summary judgment for defendants on the issue of willfulness).

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
No. 2:17-cv-00961-JLR – Page 5

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

facts of this case violated those provisions."[15] Defendants "[do] not need to rely on any evidence whatsoever" on the question of willfulness.[16] Rather, DOL must present affirmative evidence of Defendants' alleged knowledge or reckless disregard for the FLSA in order to extend the statute of limitations to three years.[17] Defendants assert that summary judgment is appropriate because DOL has failed to present competent that allows it to raise an issue of fact on their willfulness claim.

Instead, DOL offers repeatedly misstated and or exaggerated evidence, asserted conclusions unsupported by evidence, and testimonial briefing that is an obvious attempt to create an issue of fact. When such "evidence" is properly limited or disregarded, DOL is unable to counter to any effective degree defendants' consistent position that they had a good faith belief they were complying with the law and properly compensating their employees for overtime hours.

    a. **<u>Defendants Payroll Records Contained All Information Required by the FLSA</u>.**

As addressed above, Ms. Chan's declaration and exhibits must be struck. However, even if her declaration is considered, it fails to establish that Defendants violated the FLSA, that she found Defendants violated the FLSA, or that she communicated any such finding to Defendants. For example, Ms. Chan stated Defendants did not keep "time records that showed when workers arrived to work and when they ended their shifts."[18] DOL mischaracterizes the statement in an obvious attempt to create an issue of fact, claiming Ms. Chan told Defendants "that there were

---

[15] Id.
[16] Reyes v. Texas EZPawn, L.P., 459 F. Supp. 2d 546, 565 (S.D. Tex. 2006).
[17] Id. at 565-66.
[18] Declaration of Sherrie Chan ("Chan Decl."), Dkt. 36, ¶ 4

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
No. 2:17-cv-00961-JLR – Page 6

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

records missing and the records provided by the Defendants did not comply with the FLSA's requirements making a review to determine compliance difficult."[19] Ms. Chan's declaration makes no such conclusory statement.

Moreover, the FLSA has no requirement that employers must record shift start and end times. The FLSA payroll record keeping requirements are set forth in 29 CFR 516, which provides "[n]o particular order or form of records is prescribed by the regulations," as long as the timekeeping plan is "complete and accurate."[20] It also provides that an employer is only required to maintain records containing the information or data required under the section.[21] Contrary to DOL's assertions, Defendants are not required to track shift start and end times or keep notebook entries, they are only required to maintain payroll records containing the following information: 1) Employee's full name and social security number; 2) Address; 3) Birth date, if younger than 19; 4) Sex and occupation; 5) time and day of week workweek begins; 6) hours worked each day; 7) hours worked each workweek; 8) basis on which employee's wages are paid; 9) Regular hourly pay rate; 10) total daily or weekly straight-time earnings; 11) total overtime earnings for the workweek; 12) All additions to or deductions from the employee's wages; 13) total wages paid each pay period; and 14) date of payment and the pay period covered by the payment.[22] DOL's own literature outlines these requirements.[23]

---

[19] Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment, Dkt. 34, at page 12.
[20] 29 CFR 516.1(a).
[21] Id.
[22] 29 CFR 516.2(a).
[23] These requirements are also listed in U.S. Department of Labor Wage and Hour Division Fact Sheet #21: Recordkeeping Requirements under the Fair Labor Standards Act also contain (FLSA); see Martin Decl. Exhibit 1.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
No. 2:17-cv-00961-JLR – Page 7

DOL does not claim, nor does Ms. Chan assert, that at the time of the 2013 investigation Defendants' payroll records did not contain all data necessary to determine the payroll information required under 29 CFR 516.2(a).[24] Defendants would record employee hours and tips each day in a notebook kept at the salon reception desk, that payroll data would then be recorded on a payroll form that Defendants used to enter the hours and tips into the payroll system, and the payroll forms were then filed and retained by Defendants.[25] DOL claims that defendants are in violation of the regulation because they failed to maintain daily records of employee start and end time is simply unfounded.

### b. Defendants Semi-Monthly Payroll System Did Not Violate The FLSA Because Employees Were Compensated For Overtime.

DOL also claims that classification of employees as salaried rather than hourly violates FLSA but cites no supporting authority. In fact, Defendants' payroll records establish that they kept track of and compensated their employees for overtime. Although Ms. Chan's Declaration does not constitute competent evidence, *if considered*, she concedes that after speaking with Mr. Pravitz, she was able to review the payroll records, despite the semi-monthly system, and determine whether overtime premiums were paid.[26] After completing her investigation, in which she could have reviewed of up to two years of payroll records, she appears to have found a single instance of overtime underpayment where an employee was owed $75.45.[27]

However, it is most telling is Ms. Chan never states she advised Defendants to change their payroll system from a semi-monthly to a bi-weekly payroll system.

---

[24] Martin Decl., Exhibit 2.
[25] Daquiz Decl., Exhibit 5 at p.5; Martin Decl., Exhibit. 2.
[26] Chan Decl., ¶ 5.
[27] Declaration of Bardi Martin In Support Of Defendants' Motion For Summary Judgment, Dkt. 32, Exhibit D.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
No. 2:17-cv-00961-JLR – Page 8

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

### c. DOL Can Not Produce Documentation Of Retroactive Wage Payment As Required Under 29 CFR 516.2(b).

DOL again mischaracterizes and exaggerates Ms. Chan's statements related to in an attempt to create issues of fact by claiming the 2013 "investigation closed without penalties being issued against because the underpayments uncovered were paid immediately by the employer," and "in the course of coming to agreement about resolving the underpayments, WHI Chan advised the Defendants their payroll practices were in violation of the recordkeeping provisions of the Fair Labor Standards Act".[28] P4. .13. Ms. Chan's statements support neither claim, and the claims instead constitute DOL testimony that is demonstrably false.

Ms. Chan states she talked with Mr. and Mrs. Pravitz about their "their overtime issues and their recordkeeping problems" and "discussed" changing their pay records to "reflect wages earned by their employees for hourly work instead of as salaried employees."[29] Para 6. Ms. Chan never states she found Defendants in violation of the FLSA or that she communicated such a finding to them. In fact, absent Ms. Chan's Declaration, DOL produced **_no_** documentation evidencing Defendants being told of, or provided with **_any_** notice that they were in violation of the FLSA during or after the 2013 investigation.

In fact, had Ms. Chan found Defendants violated the FLSA and they immediately paid the underpaid employee, by law, DOL would have documentation establishing that event, and certainly would have been required to identify that document in its initial disclosures, thereafter produced it in discovery, and most certainly would have provided it to this Court as part of its

---

[28] Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment, Dkt. 34, at page 4.

[29] Chan Decl., ¶ 6.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
No. 2:17-cv-00961-JLR – Page 9

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

response to Defendants' motion for partial summary judgment. 29 CFR 516.2(b) requires that when any employer is required to make retroactive payment of wages under the supervision of the Administrator of the Wage and Hour Division must:

> Prepare a report of each such payment on a receipt form provided by or authorized by the Wage and Hour Division, and (i) preserve a copy as part of the records, (ii) deliver a copy to the employee, and (iii) file the original, as evidence of payment by the employer and receipt by the employee, with the Administrator or an authorized representative within 10 days after payment is made.[30]

DOL has failed to provide such documentation that would be in its possession if the 2013 investigation had found Defendants in violation of the FLSA. It therefore follows that no such finding was made or communicated to Defendants and the 2013 investigation provides no facts to assist DOL avoid partial summary judgment.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its Motion for Summary Judgment and bar all Plaintiff's pre-June 22, 2015 claims for back wages and unpaid overtime under the FLSA's presumptive two-year statute of limitations.

DATED this 7th day of December, 2018.

BOYLE MARTIN THOENY, PLLC

_____
BARDI D. MARTIN, WSBA #39077
MARGARET M. BOYLE, WSBA #17089
Attorneys for Defendants

---

[30] 29 CFR 516.2(b)(2).

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
No. 2:17-cv-00961-JLR – Page 10

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600