HON. JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor,<br><br>        Plaintiff,<br><br>v.<br><br>HOA SALON ROOSEVELT, INC., a Washington corporation, HOA SALON BALLARD, INC., a Washington corporation, HOA SALON MADISON, INC., a Washington corporation, THUY MICHELLE NGUYEN PRAVITZ, an individual and managing agent of the Corporate Defendants, ERIC PRAVITZ, an individual and managing agent of the Corporate Defendants, HUYEN NGUYEN, an individual and managing agent of the Corporate Defendants, THUY HONG, an individual and managing agent of the Corporate Defendants, and LAM HUYNH, an individual and managing agent of the Corporate Defendants,<br><br>        Defendants. | No. 2:17-cv-00961-JLR<br><br>**DEFENDANT'S MOTIONS *IN LIMINE*** <br><br>NOTE ON MOTION CALENDAR:<br>January 18, 2019 |

**DEFENDANT'S MOTIONS *IN LIMINE***
No. 2:17-cv-00961-JLR – Page 1

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

## I. INTRODUCTION AND RELIEF REQUESTED

Pursuant to the Court's November 6, 2017 Minute Order Setting Trial Dates And Related Dates (Dkt. 17) and Local Rule 7(d)(4), Defendants Hoa Salon Ballard, Inc., Hoa Salon Roosevelt, Inc., Thuy Michelle Nguyen Pravitz, and Eric Pravitz (collectively, "Defendants") move for an order *in limine* precluding Plaintiff ("DOL"), and any of his witnesses and attorneys, from offering any evidence, making any comment, or asking any question relating to the following matters addressed below.

## II. CERTIFICATION

Pursuant to Local Rule 7(d)(4), counsel for the parties conferred via telephone on December 28, 2018 concerning Defendants' motions *in limine*.[1] Counsel were unable to resolve all but two of Defendants' motions.[2] Counsel discussed motions *in limine* Plaintiff intended to bring on December 21, 2018.[3]

## III. LEGAL AUTHORITY AND ARGUMENT

**A. This Court should exclude all evidence of the 2013 DOL Investigation of Hoa Roosevelt.**

DOL's complaint makes clear that the wage claims asserted in this matter are based upon its 2016 investigation of Defendants Hoa Salon Roosevelt and Hoa Salon Ballard. Yet, as discussed at length in Defendants' Motion for Summary Judgment (Dkt. 30), in 2013 DOL had conducted a brief, limited investigation of Hoa Roosevelt as part of the agency's emphasis

---

[1] Declaration of Bardi D. Martin ("Martin Decl.") ¶ 3.
[2] *Id.*
[3] *Id.*, ¶ 2

**DEFENDANT'S MOTIONS *IN LIMINE***
No. 2:17-cv-00961-JLR – Page 2

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

program on nail salons.[4] That earlier investigation, however, resulted in no findings, written or otherwise, that Hoa Roosevelt's wage practices violated any FLSA provision, and no penalties were imposed. Initially, DOL appeared to thereby, and appropriately, view the 2013 investigation as irrelevant in this matter, but lately has indicated an intent to insinuate that earlier investigation at trial. As such, defendants bring this motion to obtain an Order prohibiting DOL from doing so.

The 2013 investigation was conducted by DOL investigator, Sherrie Chan. DOL's initial disclosures did not list Ms. Chan as a witness – or, identify any documents related to her investigation. Had DOL intended to refer to, or rely upon Ms. Chan's 2013 investigation during its current case against Defendants, clearly Ms. Chan would be a foreseeable and necessary witness. Yet, as established in the materials related to Defendants' Motion for Summary Judgment, DOL did not identify Ms. Chan as a person with information related to this matter until weeks after the discovery cutoff and it has made clear that Ms. Chan will not be called to testify at trial.[5]

Such facts make clear that DOL has not previously viewed the 2013 investigation as relevant, and that it does not intend to offer testimony from Ms. Chan, its necessary foundational witness to those events. Accordingly, defendants assert that DOL should not be allowed to backdoor a negative taint into this matter, and that it should be prohibited from otherwise

---

[4] Plaintiff's Opposition To Defendants' Motion For Partial Summary Judgment ("Plaintiff's Opposition to SJ")(Dkt. 34) at 3; Declaration of Sherrie Chan, (Dkt. 36) ¶ 2.

[5] Plaintiff's Opposition to SJ at 2, Fn. 1.

**DEFENDANT'S MOTIONS *IN LIMINE***
No. 2:17-cv-00961-JLR – Page 3

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

offering or eliciting testimony, offering exhibits, or making comments relating to the 2013 investigation.

In addition, exclusion of reference to the 2013 investigation is also warranted pursuant to FRE 402 and 403, as any probative value of evidence related to that investigation is heavily outweighed by the unfair prejudice such evidence would engender. That is, testimony or exhibits concerning Ms. Chan's 2013 DOL investigation would likely unnecessarily and improperly cause the jury to be swayed and/or confused into viewing the repeated investigations to be the result of Defendants having questionable payroll practices, and therefore, more likely to have committed the charged wage violations in 2016.

Indeed, district courts routinely exclude administrative decisions or findings under Federal Rule of Evidence 403 because their probative value is outweighed by the danger of unfair prejudice, confusion of issues, or waste of time. *See*, *e.g.*, *Paolitto v. John Brown E. & C. Co.*, 151 F.3d 60, 6465 (2d Cir. 1998) (affirming exclusion of Fair Employment Practices Agency findings); *Walker v. NationsBank*, 53 F.3d 1548, 1554-55 (11th Cir. 1995) (exclusion of EEOC determination); *Hall v. Western Prod. Co.*, 988 F.2d 1050, 1058 (10th Cir. 1993) (inappropriate to admit evidence of state agency's report to suggest to jury it should reach same conclusion); *Briseno v. Central Tech. Community College*, 739 F.2d 344, 347 (8th Cir. 1984) (exclusion of administrative findings); *Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304, 1311 (8th Cir. 1984) (trial judge has discretion to exclude administrative findings if sufficient negative factors are present); *Cortes v. Maxus Exploration Co.*, 758 F. Supp. 1182, 1184 (S.D. Tex. 1991), *aff'd*, 977 F.2d 195 (5th Cir. 1992) (EEOC report excluded because determination was

**DEFENDANT'S MOTIONS *IN LIMINE***
No. 2:17-cv-00961-JLR – Page 4

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

incomplete, conclusory, and factually biased).

Consistent with these authorities, the Court should prohibit DOL from offering or eliciting testimony, offering exhibits, or making comments relating to Ms. Chan's 2013 investigation.

### B. This Court should exclude all evidence of Defendants' voluntary remedial changes to their payroll systems.

Over the years, Defendants have made certain improvements to their payroll systems, including: 1) changing the payroll system label for employees paid by the hour from "salaried" to "hourly;" 2) changing the payroll labels for overtime pay provided hourly employees from "bonus" to "overtime;" and 3) employing a 7-day period to calculate overtime. Given DOL's current claims, Defendants' payroll changes may be appropriately viewed as remedial measures under FRE 407, and evidence regarding such changes should be prohibited.

FRE 407 prohibits evidence of "remedial measure," or changes which, if taken previously, would have made the alleged negligent act less likely to occur. The rule is intended to prevent the introduction of evidence of repairs or other safety measures taken after an accident (*Kaczmarek v. Allied Chemical Corp.,* 836 F.2d 1055 (7th Cir. 1987)), and to encourage defendants to take such remedial measures to reduce the likelihood of future accidents without fear that their actions will be used as evidence against them (*Pau v. Yosemite Park and Curry Co.,* 928 F.2d 880 (9th Cir. 1991)). Rule 407 has been applied to FLSA cases. *See, e.g., Abel* v. *Dep't. of Carr.,* 1995 WL 106535, at *I (D. Kan. Jan. 12, 1995) (indicating that the court would exclude evidence of changes to workplace rules with respect to roll calls and meal breaks made in response to a prior lawsuit, if offered to prove culpability in FLSA lawsuit); *Carda* v. *E.H*

**DEFENDANT'S MOTIONS *IN LIMINE***
No. 2:17-cv-00961-JLR – Page 5

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

*Oftedal & Sons, Inc.* 2005 U.S. Dist. LEXIS 26375, at *1 (D.S.D. March 23,2005) (exclusion of subsequent remedial measures - employer's change in record keeping policy after plaintiff filed FLSA suit - "supports the public policy of preventing a party from being punished for making positive changes").

In addition, some courts have excluded similar evidence on the basis that it is simply not relevant. *See Liger* v. *New Orleans Hornets NBA Ltd P'ship,* 2008 WL 348800 at *2 (E.D. La. Feb. 6, 2008) ("evidence of [defendant's] post-lawsuit compliance with the FLSA is not relevant to determining whether [defendant] can claim the exemption during the period of time before the lawsuit was filed. . . . [Such evidence] neither negates an essential element of the FLSA exemption, nor demonstrate[s] insufficient evidence to establish the FLSA exemption").

In this case, exclusion of evidence of the payroll changes Defendants have made should be excluded under either basis. It is undisputed in this case that the 2016 investigation was sparked by an employee's claim that Defendants were not properly paying overtime. It is also undisputed that Defendants' label changes ("salaried" to "hourly," and "bonus" to "overtime") were intended to resolve hourly employees' confusion regarding their eligibility and payment for overtime, and that the change to a seven-day overtime calculation process stemmed from the 2016 investigation. Arguably, these changes would have made the current overtime claims less likely to have occurred, and DOL should be precluded by FRE 407 from offering evidence that they have been made.

**C.  This Court should preclude Plaintiff from referring to Hoa payroll timesheets as "worksheets."**

**DEFENDANT'S MOTIONS *IN LIMINE***
No. 2:17-cv-00961-JLR – Page 6

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

Defendants' payroll records consist of: 1) handwritten payroll timesheets indicating days and hours worked, and tips received by employees, and 2) the records generated by their accounting software after entering the timesheet data. DOL refers to these records as "worksheets" rather than what they in fact are—payroll timesheets. DOL should be precluded from referencing these records as "worksheets" under FRE 403 as such reference will likely confuse and mislead the jury into concluding they are something less than payroll records, resulting in unfair prejudice to Defendants.

**D. This Court Should Preclude Plaintiff From Making Improper Appeals to the Jury.**

It is anticipated that DOL will try to claim that Defendants violated provisions of the FLSA for the sake of corporate and personal profit, and or intentionally exploited their employees. Arguments designed to inflame the jury to bring in a punitive verdict are inadmissible, and discussion of the relative financial conditions of the parties is also improper.

Arguments encouraging jurors to reach a verdict on any basis other than the evidence are impermissible and may constitute reversible error. The Court may properly exclude statements or references to material other than the evidence. *See Byrd v. Blue Ridge Rural Electric Co-op, Inc.*, 356 U.S. 525, 529 (1958) (stating that the propriety of an argument is a matter of federal procedure). Defendants ask that the Court to prohibit Plaintiff from making arguments to "put yourself in the plaintiff's position," or otherwise urge the jury to reach a verdict on impermissible grounds. Similarly, asking the jury to "send a message" with a verdict is inappropriate. *See Griffith v. Mt. Carmel Med. Ctr.*, 842 F. Supp. 1359, 1362 (D. Kan. 1994). Included within the scope of this motion is evidence or argument suggesting that the jury should

**DEFENDANT'S MOTIONS *IN LIMINE***
No. 2:17-cv-00961-JLR – Page 7

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

"let the defendants know what the jurors think through their verdict," or suggesting that the jurors are the "conscience of the community," and similar suggestions.

**E.  This Court should preclude Plaintiff from presenting any witness or document not listed in Plaintiff's Pretrial Statement.**

On December 24, 2018, Plaintiff's Pretrial Statement was served on Defendants. Under Local Rule 16(h)(5) and (6), Plaintiff was required to list the names and addresses of all witnesses who might be called to testify, and list all exhibits to be be offered by plaintiff at trial. Plaintiff should be limited at trial to calling witnesses and using exhibits that Defendants disclosed listed in Plaintiff's Pretrial Statement.

**F.  This Court should exclude all statements obtained through settlement discussions.**

Settlement discussions have taken place in this matter. Evidence of those discussions and statements made in connection therewith is inadmissible. FRE 408. During the December 21, 2018 conference of attorneys, Plaintiff's counsel concurred that an order excluding such expert testimony is warranted.[6]

**G.  This Court should preclude the parties from offering expert testimony.**

None of the parties have disclosed expert witnesses and all parties should therefore be precluded from having any witness offer expert testimony on any issue at trial. *See* Fed. R. Civ. P. 26(a)(2)(A) and (D); *see also Daly v. Far Eastern Shipping Co.*, 238 F. Supp. 2d 1231, 1237-38 (W.D. Wash. 2003) (excluding expert testimony where "plaintiff failed to make expert disclosures ... as required by Fed. R. Civ. P. 26(a)(2)." This prohibition should extend to lay

---

[6] Martin Decl. ¶ 3.

**DEFENDANT'S MOTIONS *IN LIMINE***
No. 2:17-cv-00961-JLR – Page 8

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

witnesses with technical expertise, as such witnesses may only testify concerning their personal knowledge of events. *See Gomez v. Rivera Rodriquez*, 344 F.3d 103, 113-14 (1st Cir. 2003) ("[A] party need not identify a witness as an expert so long as the witness played a personal role in the unfolding of the events at issue and the anticipated questioning *seeks only to elicit the witness's knowledge of those events*.") (Emphasis added).

During the December 21, 2018 conference of attorneys, Plaintiff's counsel concurred that an order excluding such expert testimony is warranted.[7]

DATED this 31st day of December, 2018.

                      BOYLE MARTIN THOENY, PLLC

                      /s/ Bardi D. Martin
                      BARDI D. MARTIN, WSBA #39077
                      MARGARET M. BOYLE, WSBA #17089
                      Attorneys for Defendants

---

[7] *Id.*

**DEFENDANT'S MOTIONS *IN LIMINE***
No. 2:17-cv-00961-JLR – Page 9

BOYLE MARTIN THOENY, PLLC
200 WEST THOMAS, STE. 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

# CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorney of record for the plaintiffs:

NICHOLAS C. GEALE
JANET M. HEROLD
BRUCE L. BROWN
ABIGAIL G. DAQUIZ
daquiz.abigail@dol.gov

Attorneys for Plaintiff

Dated this 31st day of December 2018.

/s/ Bardi D. Martin
Bardi D. Martin, WSBA #39077

**DEFENDANT'S MOTIONS *IN LIMINE***
No. 2:17-cv-00961-JLR – Page 10

BOYLE MARTIN THOENY, PLLC
200 West Thomas, Ste. 420
Seattle, Washington 98119
Telephone: 206.217.9400
Facsimile: 206.217.9600