# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br><br>      Plaintiff,<br> v.<br><br>HOA SALON ROOSEVELT, INC., et al.,<br><br>      Defendants. | CASE NO. C17-0961JLR<br><br>SUPPLEMENTAL ORDER REGARDING MOTIONS IN LIMINE |

During the January 23, 2019, hearing, the court granted in part, denied in part, and reserved ruling in part on the motions in limine of Defendant R. Alexander Acosta, the Secretary of Labor ("the Secretary") and Plaintiffs Hoa Salon Roosevelt, Inc., Hoa Salon Ballard, Inc., Thuy Michelle Nguyen Pravitz, and Eric Pravtiz. (*See* Min. Entry (Dkt. # 58); *see also* Def. MIL (Dkt. #46); Plf. MIL (Dkt. # 44).) The court also ordered the parties to submit additional materials on certain issues raised in the motions in limine no later than Monday, January 28, 2019. (*See* Min. Entry.) The parties timely submitted the

additional materials the court requested. (*See* Plf. Resp. (Dkt # 60); Def. Resp. (Dkt. # 61); Martin Decl. (Dkt. # 62); M. Pravitz Decl. (Dkt. # 63).) The court has reviewed the parties' supplemental submissions and makes the following supplemental rulings concerning the parties' motions in limine:

(1) The court accepts the Secretary's representation that the parties have conferred and there is no longer a dispute concerning whether the Secretary should produce certain notes taken by Department of Labor ("DOL") investigators. (*See* Plf. Resp. at 2.)

(2) The court GRANTS in part and DENIES in part the Secretary's motion in limine number five, which seeks to exclude evidence that Defendants' employees received other back pay awards from prior employment. (*See* Plf. MIL at 14-15.) The Secretary is correct that ordinarily this evidence would not be admissible because it is irrelevant and prejudicial. *See* Fed. R. Evid. 402; Fed. R. Evid. 403. Introduction of this evidence risks the conduct of irrelevant and wasteful mini-trials about unrelated DOL investigations within the context of the present dispute. *See* Fed. R. Evid. 611. However, Defendants argued that Ms. Le My Tran lied in her deposition about having knowledge of the 2012 DOL investigation of Bella Nails and receiving back pay as a result of that litigation. (*See* Def. Resp. at 2.) As such, Defendants argued that cross-examination of Ms. Tran about her deposition testimony on this issue would be "probative of [her] character for truthfulness or untruthfulness" and, therefore, admissible under Federal Rule of Evidence 608(b)(1). (Def. MIL Resp. (Dkt.

\# 53) at 13-15.) In his supplemental submission to the court, the Secretary withdrew his objection to allowing Defendants to cross examine Ms. Tran about any past DOL investigation of her previous employer, Bella Nails. (Plf. Resp. at 2.) Accordingly, the court DENIES this portion of the Secretary's motion and will permit Defendants to cross examine Ms. Tran on this issue.

Dated this 29th day of January, 2019.

JAMES L. ROBART
United States District Judge