JANET M. HEROLD
Regional Solicitor
BRUCE L. BROWN
Associate Regional Solicitor
ABIGAIL G. DAQUIZ
Sr. Trial Attorney (WSBA #35521)
M. ANA HERMOSILLO
Trial Attorney
Office of the Solicitor
United States Department of Labor
300 Fifth Avenue, Suite 1120
Seattle, WA 98104
Telephone: (206) 757-6753
Facsimile:  (206) 757-6761
daquiz.abigail@dol.gov
Attorneys for the Plaintiff
Secretary of Labor

HON. JAMES L. ROBART

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>HOA SALON ROOSEVELT, INC., a Washington corporation, **HOA SALON BALLARD, INC.**, a Washington corporation, **THUY MICHELLE NGUYEN PRAVITZ**, an individual and managing agent of the Corporate Defendants, **ERIC PRAVITZ**, an individual and managing agent of the Corporate Defendants,<br><br>Defendants. | Case No.: 2:17-CV-00961-JLR<br><br>[~~PROPOSED~~] JLR<br>**CONSENT JUDGMENT AND ORDER** |

CONSENT JUDGMENT
PAGE - 1

Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), and Defendants HOA SALON ROOSEVELT, INC., a Washington corporation, HOA SALON BALLARD, INC., a Washington corporation, THUY MICHELLE NGUYEN PRAVITZ, an individual and managing agent of the Corporate Defendants, ERIC PRAVITZ, an individual and managing agent of the Corporate Defendants, have agreed to resolve the matters in controversy in this civil action, and consent to entry of this Consent Judgment and Order ("Consent Judgment" or "Judgment") in accordance herewith.

I. STATEMENTS BY THE PARTIES

1. On June 22, 2017, the Secretary filed a Complaint in this Court alleging that Defendants violated provisions of Sections 6, 7, 11(c), 15(a)(2) and (5) of the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and (5).

2. On Jan. 25, 2018, Defendants filed an Answer to the Secretary's Complaint.

3. Defendants agree herein to resolve all allegations of the Secretary's Complaint.

4. Defendants admit that this Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the United States District Court for the Western District of Washington.

CONSENT JUDGMENT
PAGE - 2

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

5. Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

6. Defendants acknowledge that Defendants and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

7. Defendants admit that they have been or have operated a unified nail salon/spa operation under common control in Washington, and that, as such, Defendants are or have operated an "enterprise" within the meaning of FLSA Section 3(r), 29 U.S.C. § 203(r).

8. Defendants ERIC PRAVITZ and MICHELLE NGUYEN PRAVITZ admit that they have functioned as individual employers by acting directly or indirectly in the interest of Defendants HOA SALON BALLARD, INC. and HOA SALON ROOSEVELT, INC. in relation to their employees within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d).

9. Defendants admit that this enterprise is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. On June 22, 2017, the Secretary filed a Complaint in this Court alleging that Defendants violated provisions of Sections 6, 7, 11(c), 15(a)(2) and (5) of the FLSA, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and (5).

CONSENT JUDGMENT
PAGE - 3

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

2. On January 25, 2018, Defendants filed an Answer to the Secretary's Complaint.

3. Defendants hereby withdraw their defenses to the Secretary's Complaint.

4. This Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the United States District Court for the Western District of Washington.

5. Defendants and the Secretary have agreed to the entry of this Consent Judgment without contest and to resolve the Secretary's claims.

6. Defendants and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

7. Defendants have operated a unified nail salon/spa business operation under common control in Washington, and that, as such, Defendants are or have operated an "enterprise" within the meaning of FLSA Section 3(r), 29 U.S.C. § 203(r).

8. This enterprise is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

9. Defendants ERIC PRAVITZ and MICHELLE NGUYEN PRAVITZ have functioned as individual employers by acting directly or indirectly in the interest of Defendants HOA SALON BALLARD, INC. and HOA SALON

CONSENT JUDGMENT
PAGE - 4

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

ROOSEVELT, INC. in relation to their employees within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d).

### III.   JUDGMENT

Therefore, upon the agreement of the parties to this action,

**A. Injunctive Relief**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, Defendants HOA SALON ROOSEVELT, INC., HOA SALON BALLARD, INC., MICHELLE NGUYEN PRAVITZ, and ERIC PRAVITZ, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or participation with them, are permanently enjoined and restrained from violating the provisions of the FLSA, including through any of the following manners:

1. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, wages at a rate less than the applicable minimum wage.

2. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, less than

CONSENT JUDGMENT
PAGE - 5

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

one and a half times the particular employee's regular hourly rate for hours in excess of 40 hours in a workweek.

3. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the FLSA, fail to make, keep, and preserve accurate records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516, including for employee, the accurate number of hours worked each day and each workweek, the employee's regular hourly rate of pay, total daily or weekly earnings, overtime rate of pay, total premium pay for overtime hours and identification of each deduction made from the employees' earnings along with a description of the basis/reason and method of calculation of the deduction.

   a. It is understood that in maintaining accurate hours worked includes any deductions for unpaid meal periods must meet the requirements of 29 CFR § 785.19, which states: "Bonafide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be *completely relieved* from duty for the purposes of eating regular meals. Ordinarily, 30 minutes or more is long enough for a bonafide meal period."

   b. For the purposes of this consent decree, rest periods are defined by 29 CFR § 785.18; and as prescribed by that

CONSENT JUDGMENT
PAGE - 6

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

section, "Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time."

   c. The parties understand that the following methods may be used to ensure that rest and meal periods are taken, and accurately recorded:

      i. Scheduling employee meal periods and rest periods, and recording if meal periods are not taken and maintaining those records for 2 years;

      ii. Maintaining tip sheets where such documents record that a meal period was not taken; or

      iii. Having employees clock in and out for meal periods on TimeTracker, Time Station, or similar software.

4. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment, or the FLSA.

5. Defendants HOA SALON ROOSEVELT, INC., HOA SALON BALLARD, INC., MICHELLE NGUYEN PRAVITZ, and ERIC PRAVITZ, jointly and severally, shall not withhold payment of $22,750, which constitutes back wages owed to their employees.

CONSENT JUDGMENT
PAGE - 7

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

**B. Monetary Provisions**

**PURSUANT TO THE PARTIES' AGREEMENT, JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) and (e) of the FLSA, 29 U.S.C. § 216(c) and (e), in favor of the Secretary as a judgment owed to the United States of America and against Defendants HOA SALON ROOSEVELT, INC., HOA SALON BALLARD, INC., MICHELLE NGUYEN PRAVITZ, and ERIC PRAVITZ, jointly and severally, in the amount of $50,000, which consists of $22,750 owed to its employees as unpaid wages, $22,750 owed to its employees in liquidated damages; and $4,500 in civil money penalties.

1. Defendants desire to satisfy their monetary obligation in the following manner:

   a. Within 30 days of the Defendants' execution of this Consent Judgment, Defendants shall deliver to the Secretary three payments made out to the U.S. Department of Labor in this manner: "*U.S. Department of Labor.*" The payments will be as follows:

      i. $45,500 will be paid (consisting of $22,750 in back wage payments to current and former employees; and $22,750 as liquidated damages to those same current and former employees);

      ii. $4,500 will be a payment of a negotiated civil money penalty.

CONSENT JUDGMENT
PAGE - 8

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

    b. The payments shall be made directly to the U.S. Department of Labor either by certified check or money order, with the category of payment identified in the memo line (Hoa Back Wages/Liquidated Damages or Hoa CMPs) and mailed to the Western Regional Office, U.S. Dept. of Labor, Wage and Hour Div., 90 7th Street, Suite 13-100, San Francisco, CA, 94103-6710. Alternatively, Defendants may make these payments through the Department's online payments system by ACH transfer, credit card, debit card, or digital wallet.

        i. For the back wage and liquidated damages payments Defendants will access the system by going to: https://pay.gov/public/form/start/77761888 or by going to www.pay.gov and searching for "WHD Back Wage Payment Form – Western Region."

        ii. For the civil money penalty payment, Defendants will access this system by going to: https://pay.gov/public/form/start/77743734 or by going to www.pay.gov and searching "WHD Civil Money Penalty Payment Form – Western Region."

    c. The Secretary will distribute the back wages and liquidated damages to the persons named on Exhibit A, or to their estates if necessary, in his sole discretion, and any money not

CONSENT JUDGMENT
PAGE - 9

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

so paid within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

2. In the event of default in timely making the payments identified herein, the Secretary may move this Court for enforcement of this Judgment. Further, in the event of default, post-judgment interest shall accrue on the monetary portion of this Consent Judgment that remains due in accordance with 28 U.S.C. § 1961. Interest shall continue to accrue until such time as all monetary portions due under this Consent Judgment are fully satisfied.

**C. Miscellaneous Provisions**

1. NOTICE OF RIGHTS. Within thirty (30) calendar days of the date that the last Defendant signs this Consent Judgment, Defendants shall provide each of their employees with a copy of the "Notice of Rights," attached as Exhibit B, which summarizes the terms of this Consent Judgment and provides guidance from the U.S. Department of Labor regarding the rights of employees, including protection from retaliation, under the FLSA. Exhibit B will be translated into Vietnamese within 15 calendar days after the parties have fully executed this Consent Judgment. Thereafter, Defendants shall provide a copy of Exhibit B to all newly-hired employees before or by the dates said employee begins performing work for Defendants.

CONSENT JUDGMENT
PAGE - 10

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

2. POSTING. Within thirty (30) calendar days of the date that the last Defendant signs this Consent Judgment, Defendants shall post U.S. Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA, in prominent locations at all of their current and future facilities. Copies of said posters are available for download at https://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

3. TRAINING. Within six (6) months of the date that the last Defendant signs this Consent Judgment, the Defendants shall permit the Wage and Hour Division, Seattle District Office to conduct a training for all employees, which shall be compensable time for which Defendants' employees shall receive pay. Defendants shall work with the Wage and Hour Division, Seattle District Office regarding any training session. Topics to be covered by such training must include, but are not limited to: minimum wage, overtime, the definition of hours worked, breaks and recordkeeping provisions of the FLSA.

4. ADVERTISING. Within three (3) months of the date the last Defendant signs this Consent Judgment, the Defendants shall purchase a half-page advertisement in the Northwest Vietnamese News for the weekday and weekend editions to consist of information for employers and for employees regarding their rights and responsibilities under the Fair Labor Standards Act in English and Vietnamese. The advertisement shall include the Hoa logo and business entity name and the Wage and Hour Division logo and contact information for the Seattle District Office. A draft of that advertisement in English

CONSENT JUDGMENT
PAGE - 11

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

is attached to this Consent Judgment as Exhibit C. Exhibit C will be translated into Vietnamese within 15 calendar days after the parties have fully executed this Consent Judgment and the advertisement will be published in the Vietnamese language.

5. THIRD PARTY MONITOR. Defendants agree to obtain an audit to determine whether they are complying with the FLSA and the regulations issued thereunder. Specifically, within twelve (12) months of the date that the last Defendants signs this Consent Judgment, Defendants shall obtain an audit of their compliance with the FLSA and regulations issued thereunder, to be conducted by a third-party monitor, who shall be hired at Defendants' expense. The third-party monitor will prepare a written report that summarize the steps taken to complete the audit and the findings of the audit concerning Defendants' compliance with the FLSA. Defendants shall provide copies of the written reports to the Wage and Hour Division, United States Department of Labor, Attn: Assistant District Director Manuel Lucero, 300 Fifth Ave., Suite 1130, Seattle, WA 98104.

6. Defendants shall cooperate in full with the third-party monitor, including providing the monitor access to Defendants' facilities, employees, and payroll and time records.

    a. If the third-party monitor finds violations of the FLSA, or regulations issued thereunder, that result in back wages due,

CONSENT JUDGMENT
PAGE - 12

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

Defendants shall pay the wages as promptly as possible, but no later than thirty (30) days thereafter.

    b. If the third-party monitor directs changes in Defendants' policies or procedures, or directs Defendants to take action to comply with the FLSA or regulations issued thereunder, Defendants shall do so.

    c. The third-party monitor shall investigate incidents or allegations or complaints of retaliation and may report them to Defendants. If not resolved in a satisfactory manner, the monitor shall report any such incidents, allegations or complaints to the U.S. Department of Labor.

    d. The third-party monitor shall have the duty to conduct off-site interviews with Defendants' employees; such interviews and other communications between employees and the third-party monitor may, at the option of the employee, be kept confidential, except as to authorized representatives of the United States Department of Labor. Copies of all notes and interviews conducted by the monitor may be turned over to Wage and Hour, if requested by Wage and Hour.

    e. Discrimination or retaliation by Defendants against any person for cooperating with the third-party monitor is prohibited to the full extent of the law, as provided in 29 U.S.C. § 215(a)(3).

CONSENT JUDGMENT
PAGE - 13

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

7. The resolution of this proceeding with the filing of this Consent Judgment shall not act as, or be asserted as, a bar to back wage recovery by any employee not named on the Exhibit A for any period not specified therein.

8. Each party shall bear all fees and other expenses (including court costs and attorney's fees) incurred by the party in connection with any stage of this proceeding.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for the purposes of enforcing compliance with the terms of this Consent Judgment for five years.

**IT IS SO ORDERED.**

Date: 14 March, 2019

_____
The Hon. James L. Robart
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor

Date: March 13, 2019

_____
ABIGAIL G. DAQUIZ
Senior Trial Attorney
*Attorneys for the Secretary of Labor*

CONSENT JUDGMENT
PAGE - 14

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762
(facsimile) 206-757-6761

| | |
|---|---|
| Date: 3/3/19 | _____<br>BARDI MARTIN<br>*Attorney for Defendants* |
| Date: 3/13/19 | _____<br>HOA SALON ROOSEVELT, INC.<br>By: Eric Pravitz |
| Date: 3/13/19 | _____<br>HOA SALON BALLARD, INC.<br>By: Eric Pravitz |
| Date: 3/13/19 | _____<br>ERIC PRAVITZ, *Individually* |
| Date: 3/13/19 | _____<br>MICHELLE NGUYEN PRAVITZ, *individually* |

CONSENT JUDGMENT
PAGE - 15

U.S. Department of Labor, Office of the Solicitor
300 Fifth Avenue, Suite 1120, Seattle, WA 98104
(phone) 206-757-6762

Case No.: 2:17-CV-00961-JLR
Secretary of Labor v. Hoa Salon Roosevelt, et al.

CONSENT JUDGMENT - EXHIBIT A

|   | Last | First | Column A<br>BWs Due | Column B<br>LDs Due | Total Due |
|---|------|-------|---------|---------|-----------|
| 1 | Do | Trieu Thi Thuy | $491.41 | $491.41 | $982.81 |
| 2 | Duong | Julie | $101.21 | $101.21 | $202.41 |
| 3 | Lam | Kim P. | $112.78 | $112.78 | $225.56 |
| 4 | Le | Diep Hoang Thuy | $71.36 | $71.36 | $142.71 |
| 5 | Le | Hoang-Anh T. | $1,400.88 | $1,400.88 | $2,801.76 |
| 6 | Le | Thanh Tu T. | $1,113.86 | $1,113.86 | $2,227.71 |
| 7 | Ngo | Phan | $432.90 | $432.90 | $865.80 |
| 8 | Ngoc | Nhi Truong Thi | $185.46 | $185.46 | $370.92 |
| 9 | Nguyen | Bich Kieu T. | $1,769.18 | $1,769.18 | $3,538.36 |
| 10 | Nguyen | Diem-Ngoc Hoang | $218.45 | $218.45 | $436.90 |
| 11 | Nguyen | Diem Thi | $1,234.80 | $1,234.80 | $2,469.60 |
| 12 | Nguyen | Ha T. | $235.67 | $235.67 | $471.35 |
| 13 | Nguyen | Hong Loan T. | $2,109.27 | $2,109.27 | $4,218.53 |
| 14 | Nguyen | Huong | $32.40 | $32.40 | $64.81 |
| 15 | Nguyen | Ngoc-Anh T. | $753.97 | $753.97 | $1,507.94 |
| 16 | Nguyen | Ngoc Bich T. | $1,433.99 | $1,433.99 | $2,867.98 |
| 17 | Nguyen | Phuong T. | $1,142.79 | $1,142.79 | $2,285.58 |
| 18 | Nguyen | Thi T | $95.29 | $95.29 | $190.58 |
| 19 | Nguyen | Thu | $209.02 | $209.02 | $418.04 |
| 20 | Nguyen | Xuan Hong-Thi | $2,067.25 | $2,067.25 | $4,134.50 |
| 21 | Ong | Chau | $355.20 | $355.20 | $710.40 |
| 22 | Pham | My Phuong | $755.08 | $755.08 | $1,510.17 |
| 23 | Pham | Ngoc Ha T. | $1,726.21 | $1,726.21 | $3,452.41 |
| 24 | Phan | Viet Thi | $874.11 | $874.11 | $1,748.21 |
| 25 | Quach | Diana X. | $694.77 | $694.77 | $1,389.54 |
| 26 | Tong | Hao My | $501.23 | $501.23 | $1,002.46 |
| 27 | Tran | Loan K. | $278.01 | $278.01 | $556.01 |
| 28 | Tran | Ly My | $1,702.91 | $1,702.91 | $3,405.82 |
| 29 | Tran | Mai-Huong Thi | $123.90 | $123.90 | $247.81 |
| 30 | Tran | Phuong Kim | $526.64 | $526.64 | $1,053.29 |

$22,750.00   Total BWs+LDs:   $45,500.00

# NOTICE OF RIGHTS
# TO CURRENT AND FORMER EMPLOYEES OF HOA SALON ROOSEVELT AND
# HOA SALON BALLARD

Under federal law, you have the right to:

- Be paid at least the minimum wage for all hours worked;

- Be paid for overtime at a rate of one and one-half of your regular rate for all hours you work over 40 in a workweek;

    - Generally, you are working when you are required to be at your workplace, including time you are waiting for customers.

    - You are also typically considered working when you take short breaks that are approximately 20 minutes or shorter. For longer break periods, if you are not completely free of work (*e.g.*, expected or allowed to take a client in the middle of your unpaid lunch break, doing work for the salon like laundry or cleaning in between clients), you are also considered working and must be paid for that time.

- Have your employer keep accurate records of the hours you work, and put that information on your paystub;

- Not be retaliated against or intimidated for (1) participating in an investigation by the United States Department of Labor, or (2) exercising your rights under federal law. This means your employer cannot do or threaten to do any of the following because you spoke with the Department of Labor, complained about your pay or work, or asserted your legal rights: fire you; refuse to pay you for all hours you worked; or ask you to return all or a portion of amounts paid to you as a result of a lawsuit for back wages.

You are receiving this notice as part of a settlement between the U.S. Department of Labor and your employer Hoa Salon Roosevelt, Hoa Salon Ballard; its owners and managing agents Eric Pravitz and Michelle Nguyen Pravitz.

**Please contact the U.S. Department of Labor if you have any questions about your rights under federal law.**
**DOL – Wage and Hour Division**
**300 5th Avenue, Suite 1130**
**Seattle, WA 98104**
**(206) 398-8039**

# NAIL SALON WORKERS—*KNOW YOUR RIGHTS!*




As a nail salon worker you have the right to be paid full and fair wages for all hours you work. Know your rights!

**HOURS WORKED:**

You must be paid for all work performed whether or not your employer approves the work in advance. This includes time spent in training, waiting for customers, traveling from site to site during the day, and any work performed "off the clock." This also includes time on short breaks of 20 minutes or less.

**MINIMUM WAGE AND DEDUCTIONS:**

You must be paid at least the federal minimum wage of $7.25 per hour. Even if you are paid by the day or at a piece rate, your total wages must amount to at least the federal minimum wage for each hour worked. Some state laws require higher minimum wages and greater employee protections; employers must comply with those laws as well as the federal rules described here.

**OVERTIME PAY:**

Generally, you must be paid 1-1/2 times your regular rate of pay after 40 hours of work in a seven-day workweek.

**RECORDKEEPING:**

Your employer is required to keep accurate records of your daily and weekly hours worked and wages paid. You should keep your own records of your work hours and wages, and your employer's name, address, and phone number.

It is illegal for your employer to fire you or retaliate against you in any way for contacting the U.S. Department of Labor or for otherwise exercising your rights.

For more information, see https://www.dol.gov/whd/nailsalon/ or contact the U.S. Department of Labor at 866-487-9243.

*This information is being provided by Hoa Salon as a public service. Know your rights.*